his part and on the part of Smith of the existence of gas, Smith descends, and is overcome, and the decedent loses his life in an attempt to rescue him.

We are of opinion that the decisions in the cases of fires negli-- gently caused are applicable here. In those cases it is well settled that a person who negligently starts a fire on another's land or building is only responsible for the damages caused on those premises; and, even though the condition of the wind, weather, and adjacent premises is such that the fire will spread upon adjacent premises, the damage caused thereon is not the proximate result of the original negligent act. In Hoffman v. King, supra, Judge Haight, writing for the court, in reaffirming this rule, says:

"No man is able to answer for all the remote consequences of his acts, and those for whom he is responsible. Hence the wisdom of the rule of proximate cause, which, as defined by Webster, is that which immediately precedes and produces the effect. The fire set by the defendant did not immediately precede the fire upon the plaintiff's land. Other lands intervened, covered with inflammable material, over which the defendant had no control, and without which the fire could not have extended upon plaintiff's premises. The drought, atmosphere, and wind were the principal agents assisting the fire in its work of destruction, and were the intervening causes of the damage. It is unfortunate for the plaintiff, but we think her damage was the remote, and not the proximate, result of the defendant's fire."

It follows, therefore, that the judgment should be affirmed, with costs. All concur.

(88 App. Div. 224.)

MURRAY v. AMERICAN CASUALTY INS. CO. OF ONEONTA, N. Y.

(Supreme Court, Appellate Division, Third Department.    November 20, 1903.)

1. MUNICIPAL CORPORATIONS—CITY COURT—JURISDICTION—SERVICE OF PROCESS.
      Laws 1895, p. 176, c. 349, amending Code Civ. Proc. § 2881, authorized service of summons in a justice court on a local agent of an insurance company residing in the county when no other person resided in the county on whom service could be had, and no one had been designated to receive it. Elmira city charter (Laws 1894, p. 1384, c. 615, § 103) gave to the city court the same jurisdiction over persons of defendants as "now" given justices' courts of towns by Code Civ. Proc. § 2869. Section 111 of the charter provided that the summons and all other process in the city court should be governed by the Code of Civil Procedure relative to justice courts, and section 105 provides that for jurisdictional purposes the city court should be deemed a justice court. *Held*, that the amendment to section 2881 was applicable to the city court of Elmira.

Appeal from Trial Term, Chemung County.

Action by Patrick Murray against the American Casualty Insurance Company of Oneonta, N. Y. From a judgment affirming a judgment of the city court of Elmira in favor of plaintiff, defendant appeals. Affirmed.

The action was brought in the city court of Elmira under a certificate of membership issued by the defendant to the plaintiff providing for the payment to the plaintiff of a weekly indemnity in case of disability arising from sickness or accident. The place of the defendant's residence is in Oneonta, Otsego county, and of the plaintiff's is in Elmira. The constables return of service of the summons shows that such service was made at the city of Elmira by handing a copy thereof to and leaving it with William W. Putney, the agent of the defendant at Elmira. On the return day the defendant ap-

peared specially by its attorney, and made objection "that the proof of service of summons is insufficient, and does not show service upon the defendant, any of its officers, or any other person upon whom service is authorized under section 431 of the Code of Civil Procedure," and the objection was overruled. The attorney then appeared generally, and filed an answer. The action was thereafter tried, and resulted in a judgment for the plaintiff, which has been affirmed by the county court. From the judgment of affirmance the defendant has appealed to this court.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Roswell R. Moss, for appellant.
Richard H. Thurston, for respondent.

CHESTER, J. The appellant insists that the amendment of section 2881 of the Code of Civil Procedure made in 1895 (Laws 1895, p. 176, c. 349), which authorizes the service of the summons in a justice's court upon a local agent of an insurance company residing in the county when no other person resides in the county upon whom service can be made, and when no person has been designated pursuant to such section upon whom process may be served, which is the case here, does not apply, as the jurisdiction of the city court over defendants is fixed by the charter of Elmira, which it is claimed is not changed by amendments to those provisions of the Code relating to justices' courts. The clause of the charter relied on to limit the jurisdiction of the city court is section 105, which provides: "Said court shall have the same jurisdiction over the persons of defendants as is now possessed by justices' courts of towns pursuant to the provisions of section twenty-eight hundred and sixty-nine of the Code of Civil Procedure." Laws 1894, p. 1440, c. 615, § 105, as amended by Laws 1895, p. 527, c. 371.

If the position of the appellant is correct, jurisdiction by the city court over the person of the defendant can only be obtained by service of process upon one of its officers, or upon a managing agent, as required by sections 2879 and 431 of such Code.

The city court was constituted under the revised charter of Elmira (Laws 1894, p. 1384, c. 615). The old charter (Laws 1875, p. 357, c. 370, § 4) had provided for the election of three justices of the peace for such city, and the revised charter (section 133) provided that no person shall hereafter be elected to such office in the city, so it is plain that the city court was established to take the place of the justices' courts formerly existing. The revised charter (section 103) gave to the city court substantially the same jurisdiction of actions and proceedings as is given to justices' courts by the Code of Civil Procedure, except that it increases the jurisdiction over the amount which may be claimed in justices' courts in various actions from $200 to $500, and in some other respects the jurisdiction of the city court of actions and proceedings is enlarged over that prevailing in justices' courts.

The plaintiff being a resident of Elmira, and the cause of action being one for the breach of a contract where the amount claimed did not exceed $500, the city court had jurisdiction of the action, provided proper service of process upon the defendant could be ob-

tained; so the only question on this branch of the case is whether the amendment to section 2881 of the Code, referred to, has authorized jurisdiction to be obtained over the defendant by service of process upon its local agent at Elmira.   Section 2881, which was amended to authorize service upon a local agent, is a part of the title of the Code relating to the commencement of actions in justices' courts, while section 2869, mentioned in section 105 of the revised charter, is found in the title of the Code relating to the jurisdiction and general powers of justices' courts.   It was within the legislative power to say upon whom, in case of a corporation, process might be served.   By the amendment authorizing it to be served upon a local agent residing in the county no additional jurisdiction was given to the justice's court, but it was only changing the practice by which such court might exercise the jurisdiction which it already possessed.   So, if it applied to the city court in Elmira, it was not giving that court additional jurisdiction, but it was only enlarging the procedure by which it might summon a defendant to the jurisdiction it already had.

That the amendment in question applies to the city court and has enlarged its power in this respect is apparent from section 111 of the revised charter, which provides that "the summons   *   *   *   and all other process, the service of process,   *   *   *   shall in all matters, except as herein provided, be governed by the provisions of the Code of Civil Procedure for justices' courts."   There is no exception in the act relating to the service of process that takes anything from the force of this provision, and this section is not restricted by the use of the word "now," as is section 105, so that any amendment of the Code of Civil Procedure relating to the service of process in justices' courts passed after the enactment of the charter in 1894 applies to the procedure in the city court in this respect.   That this was the legislative intent appears also by the provision in section 105 of the revised charter relating to the city court, which provides that "for the purpose of conferring jurisdiction of the person the said city of Elmira shall be deemed a town, and the said court a justices' court thereof."   Nor was it the intent of the Legislature in establishing the city court to take the place of the justices' courts to create a court of less jurisdiction and power than the courts which it displaced, as it would have done if the contention of the appellant were to prevail.   We think, therefore, that the city court obtained jurisdiction over the person of the defendant by the service of process upon its local agent at Elmira.

Insurance companies are alert in extending their agencies to every locality, and, if the conclusion reached is not correct, persons living in cities and having controversies with such companies over claims for small amounts, which cannot be tried in the higher courts, would have no redress except at the expense and inconvenience of going to a distant locality to try their suits at a place where an officer or managing agent could be found upon whom to serve process, and in this respect they would be less favored than if they lived in a town, for there they could compel such a company to respond in a justice's court to process served upon a local agent.   I am satisfied that no such distinction between the service of process in the city court and

the justice's court was intended by the Legislature in the enactment of this charter.

The question of jurisdiction was the principal matter urged upon our attention by the appellant, but it also insists that a cause of action was not established by the plaintiff. While the evidence in support of the plaintiff's claim was not as satisfactory as might be desired, we are not prepared to say from an examination of the record that the city court erred in holding that the plaintiff had established the liability of the defendant under the policy issued by it to the plaintiff.

The judgment appealed from should be affirmed, with costs. All concur.