CHRISTIAN SAUTTER, Respondent, *v.* ATLANTIC AND PACIFIC TEA COMPANY, Appellant.

(County Court, Oneida County, November, 1915.)

Corporations — foreign — what is meaning of " managing agent " — jurisdiction of Justice's Court of Utica — Code Civ. Pro., §§ 432, 2879.

> The manager of one of two stores conducted by a foreign corporation is a " managing agent " within the meaning of section 2879 of the Code of Civil Procedure.

> The word " corporation " in said section 2879 includes a foreign corporation, and service of the summons in an action against it in the Justice's Court of the city of Utica upon a manager of one of defendant's stores therein is sufficient to give the court jurisdiction without the necessity of complying with the provisions of section 432 of said Code.

APPEAL on questions of law from a judgment of Justice's Court, city of Utica, in favor of the plaintiff.

Adams & Merrill, for appellant.

Pratt & Comstock, for respondent.

HAZARD, J.   The sole question argued upon this appeal is that of the jurisdiction of the Justice's Court, it being claimed that the service of the summons was not such as to give the justice jurisdiction.  No other point is argued.  It seems that the defendant is a foreign corporation.  It conducts a chain of stores in numerous cities throughout the country, having two in the city of Utica.  The summons was served upon the manager of one of these stores, no apparent effort being made to make service upon any one else.  Two principal questions are presented; one being that the party served is

not a " managing agent " within the meaning of section 2879 of the Code. The other is that, even assuming the party served to have come within the description of a managing agent, service upon a foreign corporation must be made pursuant to section 432 of the Code; and that, as applied to this case, some effort must have been made to serve one of the persons mentioned in paragraphs 1 and 2 of that section.

With reference to the first objection, that can be disposed of upon the authority of the case of *Wesley* v. *Beakes Dairy Co.,* 72 Misc. Rep. 260, a case decided in this court.

The other point raised is one of more difficulty. It is contended with earnestness by the appellant that, inasmuch as it does not appear either in the return or otherwise in the case that any effort was made to serve any of the officers mentioned in paragraphs 1 and 2 of section 432, the service upon a managing agent was without authority of law, and therefore the justice did not obtain jurisdiction. The point was raised by preliminary objection, which was overruled, and the question is therefore before this court for review. It appears by the affidavits which are part of the case on appeal that one Charles Riley of New York city has a general managerial oversight over the business of the defendant at Utica, and " in various cities and towns in the central and western portion of the State of New York." It also appears in the case that the defendant corporation has filed in the office of the secretary of state a designation of one Conklin, residing at Middletown, N. Y., as a person upon whom a service of process against the corporation may be made within this state. I think the question revolves itself right down to this: Does the word " corporation " which appears in section 2879 of the Code include a foreign corporation, or must a foreign corporation be

sued only in the method prescribed by section 432 of the Code? It is to be observed that section 432 deals generally with actions in courts of record, while section 2879 deals with actions in courts not of record. If it may be true that the word " corporation " as appears in section 2879 is intended to include foreign corporations, then it follows that the requirements for service in a court not of record are less stringent than are required in a court of record. It will be observed that the section in question provides for service upon a nonresident corporation or person as in an action in the Supreme Court, " as prescribed in sections 431 and 432 of this act." Then follows the disjunctive " or," followed by the words " to any director, managing agent or trustee of the corporation." It would thus seem to appear that it was the intention of the lawmakers in inserting the provision above quoted to provide for service as in the Supreme Court, and according to section 431 and 432; and also another method which apparently includes the service upon a managing agent, without any provisions as to efforts to serve anybody else. That seems to be the clear intention of section 2879; and while it might seem at first thought to be incongruous that higher requirements should be made for service upon a foreign corporation in courts of record than in courts not of record, there seems to be a substantial reason for believing that such was the intention of the legislature. Courts not of record have exceedingly limited jurisdiction. As applied to this case, plaintiff's claim being for about forty dollars, he could not sue it in Supreme Court, and therefore he could not obtain service upon either the general manager in New York, or the designated individual in Middletown, without going to one or the other of these counties to try his law suit. This difficulty is pointed out in *Murray* v. *American Casualty Insurance Co.,*

88 App. Div. 227. Again, if the word " corporation," as it appears in section 2879, is to be construed to apply only to domestic corporations, such a construction would give a foreign corporation a considerable advantage over a domestic corporation. It can hardly be supposed that such was the intention of the legislature. It seems to me to be no hardship to hold that if a foreign corporation is to come into this state and establish stores in numerous cities therein, at which business is transacted in competition with local corporations and residents, it should be held to be the intention of the legislature that upon a cause of action arising therein such a corporation might be sued by service upon the man in charge locally of the business, without searching around for some other official who, when found, as already pointed out, could not be served with the process of a Justice's Court; and without waiting until one or the other of the persons indicated might be found within the county. I therefore reach the conclusion that it was the intention of the legislature to provide a method of serving both foreign and domestic corporations by service of the summons upon the managing agent in charge of the local store, without the necessity of complying with the provisions of section 432. I do not find any case where this point has been decided definitely. Section 3343 of the Code, paragraph 18, defines both domestic and foreign corporations; but the section does not provide any definition for the word " corporation " standing alone. *Duval* v. *Boston & Maine R. R. Co.*, 58 Misc. Rep. 505, was apparently an action against a foreign corporation; although this particular point does not seem to have been raised. It was held in *Brooks* v. *Dun*, 51 Fed. Repr. 142, that the word " corporation," as it appeared in the code of the state of Tennessee, referred to either a foreign or do-

mestic corporation, and the same was held with reference to a Minnesota statute in the case of *Sullivan* v. *La Crosse & M. Steam Packet Co.*, 10 Minn. 386.

The general subject of the authority and jurisdiction of the courts of this state over foreign corporations is to be found in section 1780 of the Code, which establishes it clearly enough in such a case as the one at bar; so that I do not think that the power of the courts of this state to sue a foreign corporation doing business here rests upon so precarious a foundation as appellant contends.

I must, therefore, hold that the ruling of the justice in overruling the preliminary objection was correct, and the judgment must, therefore, be affirmed, with costs.

*Judgment affirmed, with costs.*