JOHN H. A. HEIHS, Respondent, v. GEORGE P. REINBERG, Appellant.

Supreme Court, Appellate Term, First Department, May 22, 1930.

Bacon & Tippett [Leon Brooks Bacon of counsel], for the appellant.

Isidor Tankus, for the respondent.

BIJUR, J. The question raised on this appeal is whether the Municipal Court of the City of New York has jurisdiction of an action arising under section 285-a of the Highway Law (now section 52 of the Vehicle and Traffic Law), where the initial service of the summons is required to be and is made upon the Secretary of State at Albany. The statute is the one which provides that a

non-resident automobilist driving within this State shall be presumed to have appointed the Secretary of State to be his true and lawful attorney to the end that a summons served by " leaving a copy thereof, * * * with the secretary of state, or in his office, * * * " with " the same legal force and validity as if served upon him [the non-resident] personally within the state." The constitutionality of its provisions has been sustained in a series of decisions in the Federal Supreme Court ending with *Hess* v. *Pawloski* (274 U. S. 352, 356) and *Wuchter* v. *Pizzutti* (276 id. 13).

Section 14 of the New York City Municipal Court Code provides that its summons be served within the city of New York. In the case on appeal the summons was served upon the Secretary of State in Albany. This has been the common practice and the common understanding with respect to service under similar statutes. (Ins. Law, § 30, as amd. by Laws of 1910, chap. 634; Banking Law, §§ 28 and 145; General Corp. Law of 1929, §§ 210 and 217; General Corp. Law of 1927 [chap. 425], §§ 15 and 16 [f]; *People ex rel. Firemen's Ins. Co.* v. *Justices of City Court*, 11 N. Y. Supp. 773 [1890]; *McKeever* v. *Supreme Court, Independent Order of Foresters*, 122 App. Div. 465 [1907].) Indeed, section 217 of the present General Corporation Law (Laws of 1929, chap. 650) expressly provides, as to foreign corporations, that service upon the Secretary of State shall be made " at the office of the department of state in the city of Albany." This, I think, must be interpreted as indicating the legislative understanding of the like requirement in all similar cases, as there certainly is no reason why service on the Secretary of State in the case of suits against non-resident automobilists should be made any differently from that in suits upon non-resident corporations. Finally, the very language of the statute, *i. e.*, that service of such summons shall be made " by *leaving* a copy thereof, with a fee of two dollars, with the secretary of state, or in his office," suggests to my mind that it was contemplated to be made at the official headquarters of that officer.

There are but two reported cases which discuss this question of jurisdiction in the older books, namely, *People ex rel. Firemen's Ins. Co.* v. *Justices of City Court* (*supra*) and a dictum in the opinion in the *McKeever Case* (*supra*).

In the former case service had been made out of the City Court upon the Superintendent of Insurance at his office in Albany. The opinion of the Common Pleas justice at Special Term says: " But an exception was evidently intended by the legislature in the case of actions against foreign insurance corporations; for the City Court is given jurisdiction of such actions, and the legislature has

provided that process against such corporations may be served upon the Superintendent of Insurance. Laws of 1884, chap. 346, § 1. This officer has his office in Albany and there the process must be served upon him. We must conclude, therefore, the legislature intended City Court process to be served upon him there or else that the jurisdiction of the City Court over actions against such companies should be taken away."

The conclusion, however, is a *non sequitur;* the provision for service on the Superintendent of Insurance was, as stated in the very opinion, not compulsory but permissive, and valid service out of the City Court could be made by serving an appropriate officer of the corporation *within the city.* The predicament posed by the court was, therefore, not at all presented by the statute.

In the *McKeever* case, which is the mainstay for the proponents of the validity of the service here involved, the court had before it the question whether service of a summons out of the Municipal Court of the City of New York upon the Superintendent of Insurance at Albany was valid, the defendant being a foreign corporation. The court said (concededly obiter): " We do not assent to the proposition argued by the appellant that service of the summons on the Superintendent of Insurance at Albany would not give the court jurisdiction in any case for not being service within the city [of New York], but think that such service would have to be deemed service within the city in case the other jurisdictional facts were shown. In other words, said section 30 of the Insurance Law was intended to provide a way of obtaining personal service on a foreign insurance corporation, and such service should be deemed to be made within the territorial jurisdiction of the court issuing the process."

Manifestly, the phrase " We think that such service [in the city of Albany] *should be deemed* service within the city [of New York] " indicates the application of the device familiar to the common law (as well as to the Roman law before it) of a legal fiction. It were idle, therefore, to discuss the proposition from the standpoint of logic. Consideration of the use of fictions may be conveniently found in Professor Gray's " The Nature and Sources of the Law," at page 30; Salmond's " Jurisprudence," page 83; Maine's " Ancient Law," page 26, and of course in both Blackstone and Bentham. At a time when the law was regarded as rigid and legislation was sparse, the invention of a legal fiction had much to commend it. But to-day, as Maine says (p. 32): " There can be no doubt of the general truth that it is unworthy of us to effect an admittedly beneficial object by so rude a device as a legal fiction."

Indeed to-day, when the complaint is that we are overburdened with legislation, there seems to be no excuse for appeal to so rude and artificial an instrumentality to change or modify existing law. A more persuasive reason, however, is that in the present case no beneficial object would be subserved. Courts of limited territorial jurisdiction are an established institution and the force of their limitations is universally recognized. (*American Historical Society* v. *Glenn*, 248 N. Y. 445 [1928]; 131 Misc. 291; *Lewkowicz* v. *Queen Co.*, 207 N. Y. 290; *Degnon* v. *Cook & Wilson*, 98 Misc. 251 [1917].) There is perhaps a natural desire to disregard the territorial limitations of a court of limited jurisdiction in any case where it seems to work a hardship but that result is inseparable from the very nature of the court. The territorial limitation is not a matter of legal philosophy or general logic but apparently purely a matter of convenience which involves not abstract principles of law but the bare question of venue. Under varying circumstances the one or the other party may be convenienced or inconvenienced, but the institution exists and has existed for hundreds of years, and to disregard its geographical element would result in introducing chaos into our practice. Indeed even courts of general jurisdiction are necessarily, because of considerations of sovereignty, limited in a broader way, in respect of their jurisdiction over persons and property, to the territory of the government under which they are established. There is no more reason why the Municipal Court of the City of New York or City Court of New York should have jurisdiction over actions of the character under discussion than they should of any other action. There is no more reason why the Municipal Court of the City of New York should have power to reach by its process a resident of Newark, N. J., in this case, than had the City Court of the City of New York a resident of Albany in *American Historical Society* v. *Glenn* (*supra*). To determine otherwise by means of a legal fiction would be merely a piece of judicial legislation, quite on a par with the ancient unrebuttable allegations that a bond was executed " at a certain place called Bordeaux in France, in Islington, in the County of Middlesex," or that the " Island of Minorca was at London in the parish of St. Mary Le Bow in the Ward of Cheap " in order to give the courts of England jurisdiction (Co. Litt. 261-b); or that defendant was in the custody of the marshal in order to confer jurisdiction upon the Court of King's Bench. Indeed, if we should feel free to adopt such subterfuges, it would soon have the result of converting all courts of limited jurisdiction into courts of general jurisdiction.

There is, in the dissenting opinion, the statement that " the Secretary of State is not a defendant here. He is a State-wide

officer and his office a State-wide office, and it seems to me that if the summons in an action brought under the Vehicle and Traffic Law be left with him in Albany, or in his office there that would not constitute service of process of the court, outside of the city of New York." It will be observed that the conclusion arrived at by my learned colleague is no longer stated in terms of a fiction, but is that as matter of fact service in Albany *would* not constitute service outside the city of New York because the Secretary of State is a State-wide officer. I confess to be unable to follow the reasoning by which this result is reached or to construct any syllogism whose major premise is that the " Secretary of State is a State-wide officer and his office a State-wide office," and the conclusion that serving him in Albany is serving him in New York. Indeed, if that could be true it would seem to me to be equally logical to say that every citizen of New York is a State-wide citizen and, therefore, service upon him in any part of the State is service within the city of New York. The fundamental error in this reasoning arises from the fact that we are not discussing the powers of the Secretary of State or the privileges of citizens, but the territorial limits within which process of a local court may lawfully be served.

When the Legislature desired for adequate reasons to extend within permissible limits the power of a local court, as for example a Justice's Court, it made express provision therefor. (See, for example, *Murray* v. *American Casualty Co.,* 88 App. Div. 224 [1903]; *Sautter* v. *A. & P. Co.,* 92 Misc. 378 [1915], concerning section 2881 of the Code of Civil Procedure, now section 54 of the Justices' Court Act.)

Again when the Legislature determined to permit foreign corporations or non-residents of the city to be brought to the bar of the Municipal Court of the City of New York by service within the city limits, appropriate legislation was enacted and sustained as constitutional. (*Worthington* v. *London Guarantee & Accident Co.,* 164 N. Y. 81; *Routenberg* v. *Schweitzer,* 165 id. 175; *Degnon* v. *Cook & Wilson, supra.*) But it was always with the proviso, clearly summed up in the last cited case as follows: " The legislature was not, however, bound to confine the jurisdiction of the local inferior courts to actions against residents of counties or even to residents of some other political subdivision of the state *so long as the jurisdiction of the persons could be obtained within the territorial jurisdiction of the court.*"

And in the *Worthington* case (at p. 90): " It is very clear that the framers of the Constitution intended that not only should the inferior local court be strictly confined to its locality, but * * *."

The further argument is urged in some of the cases that section 52 of the Vehicle and Traffic Law (Laws of 1929, chap. 54) itself confers upon the Municipal Court of the City of New York an extension of its jurisdiction in order to enable service of a summons regardless of whether it be served within the city of New York or not, or, in other words, that it extends the jurisdiction of the Municipal Court. I can find no intrinsic evidence in the section which suggests any such intention, any more than it could be found in the provisions of any of the statutes hereinabove named conferring the right to serve a public official on behalf of any foreign corporation. But even if we could so read the statute, it would be futile in face of the limitations contained in sections 11 and 18 of article VI of the State Constitution. (*Worthington* and *Degnon Cases, supra.*) If the provision in the section under discussion " provided that notice of such service and a copy of the summons are forthwith sent by registered mail by the plaintiff to the defendant " may be interpreted (See WASSERMAN, J., in *Osterhoudt* v. *Horowitz*, 135 Misc. 744) as prescribing an intrinsic part of the service of the summons itself, the element of unconstitutionality would be further emphasized.

For the reasons stated, I believe that the service made in the case before us was unauthorized under the provisions of the New York City Municipal Court Code or of section 52 of the Vehicle and Traffic Law, and should be set aside.

Order denying motion to vacate service of summons reversed, with ten dollars costs, and motion granted. Appeal from order denying motion for reargument and appeal from judgment dismissed.

LYDON, J., concurs; FRANKENTHALER, J., dissents, with opinion.

FRANKENTHALER, J. (dissenting). I dissent. If this action cannot be prosecuted in the Municipal Court it cannot be maintained in the City Court (*American Historical Society, Inc.,* v. *Glenn*, 248 N. Y. 445), and all such claims under the Motor Vehicle Law must be asserted, in this part of the State at least, in the Supreme Court, although the City Court in the city of Albany where is located the Albany office of the Secretary of State would not be barred from exercising jurisdiction.

Bearing in mind that injuries to persons or property caused by the negligence of non-residents while driving their automobiles in this State (in this particular instance within the city of New York) may not be of such a serious character as to warrant suit in the Supreme Court and the expense incident to litigation in that court, it seems to me that unless the Legislature has expressly or by neces-

sary implication limited the choice of a forum to our residents we should not limit the operation of the act to our court of highest original jurisdiction. In the absence of a clear expression of intention in the statute to the contrary, residents of the city of New York should not be deprived of the advantage of a tribunal which ought to be less crowded with cases than the Supreme Court and which ought to afford prompter justice to litigants whose claims are of comparatively small amounts, although of course such smaller claims frequently constitute a matter of very vital concern to citizens entitled as of right to justice according to law without unnecessary delay. (See report of Constitutional Convention, cited in *American Historical Society, Inc.*, v. *Glenn, supra*, at p. 450.)

In the prevailing opinion it is stated that the question presented for decision is whether the Municipal Court has jurisdiction of an action arising under section 52 of the Vehicle and Traffic Law " where the initial service is required to be and is made upon the secretary of state at Albany." The word "Albany" does not appear in the statute (Laws of 1929, chap. 54), which reads: " The operation by a nonresident of a motor vehicle or motor cycle on a public highway in this state shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such a public highway; and such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state. Service of such summons shall be made by leaving a copy thereof, with a fee of two dollars, with the secretary of state, or in his office, and such service shall be sufficient service upon such nonresident provided that notice of such service and a copy of the summons are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt, the plaintiff's affidavit of compliance herewith, and a copy of the summons and complaint are filed with the clerk of the court in which the action is pending. The court in which the action is pending may order such extensions as may be necessary to afford the defendant reasonable opportunity to defend the action."

The statute under consideration provides for service of the summons by leaving it with the Secretary of State, or leaving it at his office, with a fee of two dollars. This is quite different from section 217 of the General Corporation Law of 1929, cited in the prevailing opinion, which requires that service on the Secretary

of State pursuant to that statute be made " by personally delivering to and leaving with him or a deputy secretary of state duplicate copies of such process at the office of the department of state in the city of Albany." The Secretary of State is not a defendant here. He is a State-wide officer and his office a State-wide office, and it seems to me that if the summons in an action brought under the Vehicle and Traffic Law be left with him in Albany, or in his office there, that would not constitute service of process of the court outside of the city of New York. Doubtless under the Vehicle and Traffic Law the summons may be left with the Secretary of State in Albany, or in his office there, by mailing the summons in New York city to the Albany office, the official acknowledgment of the receipt of the paper and of the fee, apart from the mere mailing, conclusively showing a compliance with the statute.

Further, although we may not take judicial notice of the fact that the Secretary of State is a resident of the city of New York, and, therefore, the summons may be conveniently left with him in New York City, I think we may take judicial notice that there is an office of the Secretary of State in the city of New York, and the summons in such case may be left at the New York city office as well as at the Albany office. Indeed as the record was presented to the justice of the Municipal Court of the City of New York it might well be assumed that the summons was left at the New York city office, and it was not until after the record was filed in this court that a stipulation was procured from which it appears that the summons was mailed to the office at Albany.

In the *McKeever Case* (122 App. Div. 465), referred to in the prevailing opinion, the statute (Ins. Law, § 30) required " service upon such attorney " (that is, the Superintendent of Insurance as attorney for foreign insurance companies transacting business in this State), and the Appellate Division of the Second Department expressed the opinion that service of the summons of the Municipal Court on the Superintendent at Albany should be deemed service within the city of New York, for the reason that " section 30 of the Insurance Law was intended to provide a way of obtaining personal service on a foreign insurance corporation, and such service should be deemed to be made within the territorial jurisdiction of the court issuing the process."

It is said in the prevailing opinion that " there is no more reason why the Municipal Court of the city of New York should have power to reach by its process a resident of Newark, N. J., in this case, than had the City Court of the city of New York a resident of Albany in *American Historical Society* v. *Glenn* (*supra*)." In that case the Legislature had attempted to give the City Court of

the city of New York jurisdiction over any resident of the State by service of the process of that court in any part of the State, and our highest court, holding such legislation to be unconstitutional, said (248 N. Y. 453, 454): " The People of the State of New York have not so disastrously oppressed themselves as to sanction such ' attempts by their Legislature (as are here asserted) to extend an unwarrantable jurisdiction ' over the inhabitants of the entire State, so long as they keep outside the territorial jurisdiction of the City Court." The constitutionality of the legislation, of which the statute under consideration is a type, subjecting non-residents to the jurisdiction of the courts of a State whose citizens or residents have been damaged by motor vehicles negligently operated by such non-residents, has been passed upon and approved by the Supreme Court of the United States (*Hess* v. *Pawloski*, 274 U. S. 352); and there can be no more oppression entailed as against the non-resident defendant here by suing him in the Municipal Court of the city of New York than by bringing action in the Supreme Court in New York county or any other county of the State. In fact the choice of the lower court as the forum would seem to favor the defendant. In this connection it may be added that the jurisdictional limitation of the County Courts that the defendant must be a resident of the county, is not applicable to the Municipal Court, for in the latter court a foreign corporation or a non-resident individual defendant may be sued. (*Worthington* v. *London G. & A. Co.*, 164 N. Y. 81; *Routenberg* v. *Schweitzer*, 165 id. 175.)

As the statutory provision invoked by plaintiff was not intended to exclude the Municipal Court from the adjudication of the grievances for which the statute was designed to award a remedy, and said court may, in my opinion, exercise jurisdiction in such cases without transgressing constitutional limitations, the judgment and orders appealed from should be affirmed.