ALMA MARCUS and Others, Plaintiffs, *v.* ABEL DAY, Defendant.*

City Court of New York, Bronx County, February 18, 1931.

* See *contra*, *Bischoff* v. *Schneff* (139 Misc. 293).

*Irwin M. Kaufman,* for the plaintiffs.

*E. C. Sherwood* and *Raymond J. Scully,* for the defendant.

EVANS, J.   This is a motion to vacate the summons, which was served under section 52 of the Vehicle and Traffic Law, and to dismiss the complaint, for lack of jurisdiction.   The service was made upon the Secretary of State, at his Albany office, by mail. Plaintiff mailed a copy of the summons and complaint to the defendant, in New Jersey, as provided by the statute.

This court, being territorially limited in jurisdiction to the city of New York (*American Historical Society* v. *Glenn,* 248 N. Y. 445), it is said, has no jurisdiction.   The basis for the lack of jurisdiction is founded upon the notion that the Secretary of State, having his principal office in Albany, is without the jurisdiction of this court; that, while the Secretary of State has an office in New York city, that is not the place for service of process contemplated by law.   Upon this theory the Municipal Court was deprived of jurisdiction, although not by a unanimous court. (*Heihs* v. *Reinberg,* 136 Misc. 815.)   The Municipal Court itself adopted that view before it was affirmed by a divided court. (*Osterhoudt* v. *Horowitz,* 135 Misc. 744; *Tannenbaum* v. *Wehrle,* 133 id. 577.)   The views in the City Court have been divided, some following the result reached in the minority opinion in *Heihs* ˙v. *Reinberg* (*supra*), although not all upon the same reasoning (*Bessan* v. *Public Service Co-Ordinated Transport,* 135 Misc. 368; *Stoiber* v. *Marinacci,* 139 id. 838) and one following the views expressed in the majority opinion.   (*Bischoff* v. *Schnepp,* 139 Misc. 293.)   Except in *Stoiber* v. *Marinacci* (*supra*), the difference of opinion was based upon the point of view as to whether the Secretary of State could or could not be regarded as constructively present in the city of New York, so as to give the local courts jurisdiction.   The matter has been viewed from that standpoint, in spite of the fact, which seems to have gone entirely unnoticed, that no personal service of the summons and complaint need be made upon the Secretary of State.   All that has to be done is that the process must be left in his office, with the fee provided by the statute.   If personal service of the summons and complaint upon the Secretary of State were required by section 52 of the Vehicle and Traffic Law, there would be substance to the thought that, unless he˙ could be served within the territorial jurisdiction, he could not be served at all, and that the Secretary of State might

be immune from the process of any local court, unless he could be served in the county of Albany. The statute says that the service may be made by leaving a copy of the process " with the secretary of state or in his office." The method of service provided seems to disregard territorial limitations. It disregards the ordinary method of personal service. It is less formal than service by publication, or the ordinary well-known service by substitution. It may even be a mere service by mail, for in that way the summons could be left " with the Secretary of State or in his office." It makes service of process of all local courts of the State an easy matter, unless one reads into the statute a prohibition that is not there, and is entirely unnecessary to have there. I think we have looked in too narrow a lane, and in the wrong direction, and from the wrong place, and the result has been disagreement. Regarded from the point of view as to whether the Secretary of State is constructively present in the city of New York, there is much to be said on both sides of the controversy, as the various opinions, here referred to, and the citations there indicate. But there will never be any logical harmony, so long as the question is approached in that way.

When one speaks of the statutory and constitutional territorial limitation, in jurisdiction, among the local courts within the State, the reason for it is grounded upon the convenience of the residents of the various parts of the State. The majority opinion in *Heihs* v. *Reinberg* (*supra*) well puts that, as the entire basis for division in territorial jurisdiction: " The territorial limitation is not a matter of legal philosophy or general logic but apparently purely a matter of convenience which involves not abstract principles of law but the bare question of venue."

The question here is not one of territorial limitation within the State. When one speaks of the jurisdiction of the City Court " drawing into its web by its process " the residents of the State from Niagara Falls to Montauk Point (City Court Act, § 27), and about the constitutional prohibition against the granting, by the Legislature, of any greater jurisdiction to local courts than is granted to the County Courts (Const. art. 6, § 18), one is talking purely of the statutory and constitutional rights of the residents within the State. (*American Historical Society* v. *Glenn*, 248 N. Y. 445.)

The question at bar involves no such consideration. Here we are talking about the rights of residents of other States. There is no article of the State Constitution that sheds light on this subject. The only statute that confronts us is section 52 of the Vehicle and Traffic Law. Without that statute, no court can

acquire jurisdiction of the resident of the foreign State, in cases of injury to the person by automobiles. The confusion, so far, has resulted from trying to read into section 52 of the Vehicle and Traffic Law, or read with it, articles of the State Constitution, and statutes, not at all intended to be entwined with it, nor necessary for a just application of it.

The purpose of the statute is to accomplish a just result between the foreign resident and the New York resident, injured by an automobile. Let us view those rights from the point of view of the foreign resident. It makes small difference to him, if he is to be haled before a court outside of his State, whether he is haled before a court of general territorial jurisdiction or before a court of limited territorial jurisdiction. The reasoning that condemned section 27 of the City Court Act (*American Historical Society* v. *Glenn*, 248 N. Y. 445) is totally out of place here. Then let us turn our view to the rights of the resident of the city of New York, injured by the foreign automobilist. Suppose he is injured to the extent of only fifty dollars in his person. He may find some relief in the Municipal Court. But if he has to pay the fees, fixed to enter his cause in the Supreme Court, he may abandon all thought of redress. To a lesser degree, that may affect the plaintiff who desires to approach the City Court with his case. But the hardship is inflicted if the discrimination is made. The same hardship will fall on the resident of Syracuse or any other local resident who desires to approach his local court with his cause.

Reasoning further: Without section 52 of the Vehicle and Traffic Law, even the Supreme Court cannot acquire jurisdiction over the foreign resident. There is nothing in the statute which singles out the Supreme Court as the sole recipient of the power conferred. What the statute does is to appoint the Secretary of State as the agent of the foreign automobilist so that process may be served upon him. He is not an agent appointed by the foreign resident or corporation, and thus limited in residence, or place of doing business to a particular locality, but he is appointed by the sovereign power of this State, against the will of the foreign resident, with only the limitation, in the statute itself, as to the place where he shall receive process and the manner in which he shall receive it. The Secretary of State is, therefore, not subject to the command of the foreign resident, as to the locality in which he shall maintain his office, or receive process. In some instances the Secretary of State, or other designated State officer, is deemed a resident, for the purpose of receiving process, of the city of Albany. In others, not. In some instances the statute commands service upon the Secretary of State to be made at his

office in Albany. A reading of the citations, in the cases cited here, will illustrate the different instances. But wherever provision was made for substituted service, in a certain locality, and upon a certain State officer, it was done with a view to the convenience of the officer receiving the process. It has nothing to do with the convenience of the foreign resident, and indeed, it does not affect him. I am unable to perceive what difference it makes to the defendant whether the Secretary of State can receive the process in New York county or in Albany county.

Statutes should be construed intelligently and simply, with a view to the purposes of their enactment and to the result to be accomplished. So construing the statute, it is entirely unnecessary to hold that the only way it can be justly enforced is to reason, in round-about ways, that, if the Supreme Court has sole jurisdiction thereunder, it may fairly be given effect. The conclusion would be as untrue as unnecessary. Such a conclusion cannot be reconciled with the rights of the local small suitor, for whose convenience local courts of inferior jurisdiction were established.

The Secretary of State has not complained that it is inconvenient for him to accept service of process at his New York city office, nor at his Albany office, from plaintiffs who desire their suits tried in the local courts.

There is, therefore, no ground, founded upon any just public policy, which should compel the courts to read into section 52 of the Vehicle and Traffic Law other matters limiting its jurisdiction to a particular court, without benefit to the non-resident and to the detriment of the resident.

It is entirely unnecessary to resort to the fiction of holding that the local courts have jurisdiction, because the Secretary of State may be deemed to be constructively present, within the territorial limits of the court. No one has thought that the City Court lacked the power to take jurisdiction over a non-resident's property, on an attachment, by the consequent service of the summons by publication. Section 52 of the Vehicle and Traffic Law confers a similar power on the civil courts, as do the statutes relating to substituted service and service by publication. The division of territorial jurisdiction among the local courts of the State does not, in the slightest, form any basis for depriving these courts of their proper jurisdiction, under the statute.

In *Heihs* v. *Reinberg* (136 Misc. 815) it was directly decided by the appellate court that the Municipal Court of the City of New York, being a local court of limited territorial jurisdiction, was without power to serve its process out of the State, pursuant to the statute under consideration. It also decided, but by way

of dictum and analogy of reasoning, that this court was subject to the same limitation, with reference to the statute, as the Municipal Court. Applying the rule of *stare decisis* strictly, the decision is binding only upon the Municipal Court. What was said there, about the jurisdiction of this court, was not necessary to the decision. It is the duty of a trial court to follow the mere naked authority of the appellate court where its decision directly passes upon the point involved even though the trial court cannot conscientiously follow its reasoning. But it is under no duty to follow the dicta of the appellate court where the divergence of view is so great. The aggrieved party can bring the matter again to the attention of the court above, or may take it directly to the Court of Appeals, as he may be advised. (City Court Act, § 63.)

The motion for a reargument is granted, and upon reargument the motion is denied.