GEORGE BERKOWITZ, Plaintiff, *v.* MICHAEL DUNPHY, JR., Defendant.

Municipal Court of New York, Borough of Manhattan, Eighth District, September 30, 1931.

*M. Walter Solomon*, for the plaintiff.

*Smith & Bowman*, for the defendant.

WHALEN, J. The summons and complaint in this action were served upon the defendant, who is a non-resident, under the provisions of section 52 of the Vehicle and Traffic Law (as amd. by Laws of 1930, chap. 57). The service in this case was made by serving a copy of the summons and complaint at the office of the Secretary of State in New York city, and by sending a copy by registered mail to the defendant at his residence outside of the State of New York. The defendant now moves to set aside the service and to dismiss the action, on the ground that no jurisdiction of the defendant has been acquired.

At first I assumed that this question had been determined by the Appellate Term, First Department, in the case of *Heihs* v. *Reinberg* (136 Misc. 815), decided May 22, 1930. Upon rereading the opinion in that case, I find that the service was made upon the Secretary of State in that case at his office in Albany, and not

in New York city. *Heihs* v. *Reinberg* is, therefore, not controlling here, because the facts are different. In the case of *Tannenbaum* v. *Wehrle* (133 Misc. 577) it is not clear where the Secretary of State was served, but it may be inferred from the opinion that he was served at Albany. In the case of *Osterhoudt* v. *Horowitz* (135 Misc. 744), also, it does not appear from the opinion where the service was made on the Secretary of State, whether in New York or in Albany. I think it may be taken for granted that this court is bound, under the decision in *Heihs* v. *Reinberg*, to hold that a service under this statute made on the Secretary of State at Albany, N. Y., would not give jurisdiction, but it does not follow that where service is made on the Secretary of State at his office in New York city, no jurisdiction is acquired. It is true that Mr. Justice BIJUR, in his opinion, goes on to state that even if the service were made in New York city it would not be sufficient and that the whole statute is unconstitutional, but it is obvious that these remarks are *obiter dicta* and were not necessary for the decision in that case.

Since the decision in *Heihs* v. *Reinberg*, three justices of the City Court, two in Bronx county and one in Kings county, have discussed this question and have held that where the service is made upon the Secretary of State within the limits of New York city, jurisdiction is acquired. (*Stoiber* v. *Marinacci*, 139 Misc. 838, decided February 3, 1931; *Strausberg* v. *Murphy*, Id. 573, decided March 18, 1931, and *Maguire* v. *Reiss*, Id. 886, decided April 22, 1931.)

Without going into a repetition of the arguments used in the disposition of these last three cases, it will suffice to say that I am inclined to follow the reasoning in those cases as it applies where the summons has been served upon the Secretary of State within the limits of New York city. Furthermore, in view of the dissenting opinion of Mr. Justice FRANKENTHALER in the case of *Heihs* v. *Reinberg*, I am of the opinion that the Appellate Term would sustain the jurisdiction under these circumstances. There are many automobile collisions where the damages are moderate, and I cannot see any necessity, apart from a clear legislative mandate, to require the plaintiff in a case of possibly $50 or $100 damage to go into the Supreme Court. If the City Court has jurisdiction, there is certainly no reason why the Municipal Court of New York, also, should not have jurisdiction.

The special appearance of the defendant is, therefore, overruled and the defendant will have five days after the service of a copy of the order to be entered hereon, on defendant's attorney, with notice of entry, within which to serve and file his answer.