### DE CASTRO v. COMPAGNIE FRANCAISE DU TELEGRAPHE, DE PARIS A NEW YORK.

(Circuit Court, S. D. New York. September 24, 1896.)

1. SPECIAL APPEARANCE—MOTION TO SET ASIDE SERVICE—FOREIGN CORPORATIONS.

A foreign corporation appearing in an action for the sole purpose of moving to set aside service of summons upon it, and stay proceedings, does not thereby waive the objection that it had ceased to do business in the state prior to such service, had no property within the jurisdiction of the court, and hence could not properly be found for service.

**2. SAME.**

A foreign corporation which has ceased to do business within a state cannot be "found" therein, so that general service may be effected upon it, merely because it has property within the jurisdiction of the court.

This was an action by Hector De Castro against the Compagnie Francaise du Telegraphe, de Paris à New York, a foreign corporation. Defendant appeared for the purpose of moving to set aside the service of the summons, and to stay all proceedings.

Edward K. Jones, for the motion.

Eugene G. Kremer, opposed.

LACOMBE, Circuit Judge. Since it appears that, for some time prior to the service of the summons, defendant, a foreign corporation, had ceased to do business in this state, and had no property within this jurisdiction, it could not properly be found here for purposes of service. Inasmuch as the defendant has not appeared generally in the action, but only for the purpose of moving to set aside the service of the summons, and to stay all proceedings, it has not waived this objection, and is entitled 'to an order setting aside service of the summons.

### On Motion for Reargument.

#### (October 15, 1896.)

The additional affidavits presented on this motion for reargument do not make out a state of facts differing in essential particulars from that on which the order was made. That property is here is not material, since no effort was made to acquire jurisdiction of the defendant through its property, by attachment or similar process. When it is questioned whether or not a corporation is to be "found" within a federal district, so that general service of a summons can be effected upon it, and not merely such qualified service as will affect only such property as it may have within the district, the test to be applied is whether or not it is doing business within the district. When it begins to do business here, it comes here; while it continues to do business, it remains; and, when it finally ceases to do business, it departs. It has been held by the supreme court that service upon an officer of a nonresident corporation, who is temporarily within the state, is not sufficient to give jurisdiction of a foreign corporation not doing business within the state, although a state statute, as interpreted by the highest court of the state, expressly authorized such mode of service. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559. It is not easy to see how the mere refusal of the state officers to revoke a designation for purposes of service, made while the corporation was in business here, will operate to prolong indefinitely the original designation long after the corporation may have departed. There are no new facts bearing on the subject of defendant's "doing business" here at at the time of service, and the motion for reargument is therefore denied.