UNITED STATES GRAMOPHONE CO. et al. v. COLUMBIA PHONO-
GRAPH CO. et al. (three cases).

(Circuit Court, E. D. Pennsylvania. January 28, 1901.)

Nos. 1, 2, 3.

PATENTS—SUITS FOR INFRINGEMENT—SERVICE ON NONRESIDENT DEFENDANT.

Under Act March 3, 1897 (29 Stat. 695), which authorizes a suit for
infringement to be brought in any district in which the defendant shall
have committed acts of infringement and have a regular and established
place of business, although not a resident of such district, service in such
case to be made "upon the agent or agents engaged in conducting such
business in the district in which suit is brought," a service of process
in such a suit against a nonresident corporation, upon one shown only
to be the designated agent of the corporation under a state statute, is
not sufficient to give the court jurisdiction.

In Equity. Suits for infringement of patents. On motions to set
aside service of process.

Horace Pettit, for complainants.
John Stokes Adams, for respondents.

DALLAS, Circuit Judge. The bills in these cases allege that the
American Graphophone Company, one of the defendants, though not
an inhabitant of this district, has a regular and established place of
business therein. It is unnecessary to decide upon this motion
whether or not this allegation is well founded in fact, and I do not
do so, but I deem it proper to say that the impression which has been
made upon my mind by the affidavits now presented is that it is not.

The present motion is to set aside the service of the alias sub-
poena, and to strike off the return of service, as to the American
Graphophone Company, and I am of the opinion that the objection
made is well taken. The return is that the writ was served "by
leaving a true and attested copy thereof with Ernest Lowengrund,
the designated agent of said company, and making the contents of
same known to him." Mr. Lowengrund, it appears, is the desig-
nated agent of the American Graphophone Company, under the
Pennsylvania statute of April 22, 1874. But this does not show that
the corporation has an established place of business in this district,
but merely that it may do business in Pennsylvania without viola-
tion of the laws of that state; and the act of congress upon which
the plaintiff is compelled to rely, as giving this court jurisdiction of
the defendant in question, not only requires that such a defendant
shall have a regular and established place of business within the dis-
trict, but also that service of subpoena shall be made, not upon agents
generally, but "upon the agent or agents engaged in conducting such
business in the district in which suit is brought." It is clear, upon
the proofs, that Mr. Lowengrund is not such an agent. The motion
to set aside the service of the alias subpoena, as to the American
Graphophone Company, is granted.