MAYER v. DAVIS et al.

(Supreme Court, Appellate Division, Second Department.   November 22, 1907.)

BASTARDS—ILLEGITIMACY—SUFFICIENCY OF EVIDENCE.

> Where illegitimacy of the issue of a married woman is asserted, it must
> be incontrovertibly shown that there was no such access as could have
> enabled the husband to be the father.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bastards, §§ 9, 10.]

On reargument.  Judgment below reversed, and new trial granted.
For former opinion, see 119 App. Div. 96, 103 N. Y. Supp. 943.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MIL-
LER, and GAYNOR, JJ.

Harry E. Lewis, for appellant.
I. R. Oeland, for respondents.

GAYNOR, J.  When this case was first disposed of by us I wrote:

"If 280 days be taken as the period of gestation, there were within it 39 days
of possible sexual access of the appellant's parents before his father went to
the hospital, and if 300 days be taken as the period allowed from the latest
opportunity of access to delivery, there were 59."

In this I made the large error of 47 days.  I should have written
"before his father died," instead of "before his father went to the
hospital"; and he was in the hospital 47 days.  The result is that there
was no time of possible access if the period of 280 days be taken (for
there was no access during the 47 days the deceased was in the hos-
pital), and only 12 days if the period of 300 days be taken.  During
these 12 days the deceased was living in the household of the mother
of the two tenants in common other than the appellant, as pointed out
in my former opinion.  The purport of her testimony was that the
wife of the deceased never visited him there.  But she says that she
was not always at home, and could not tell how often she went out.
Moreover she was testifying for her children, and to be classed as a
biased witness.  The burden was on the respondents to show incon-
trovertibly—by "irrefragable proof" (Caujolle v. Ferrie, 23 N. Y.
108), i. e., so clearly and certainly as not to admit of denial, dispute
or controversy (see "Irrefragable," Century Dictionary)—that such
access did not take place, and this they did not do.  It would be haz-
ardous to say there was no access.

The judgment should be reversed both on the law and the facts.

Judgment reversed on the law and the facts on reargument, and new trial
granted; costs to abide the final award of costs.  All concur.

---

McKEEVER v. SUPREME COURT I. O. F.

(Supreme Court, Appellate Division, Second Department.  November 22, 1907.)

1. PROCESS—PROOF OF SERVICE—ADMISSION—SUFFICIENCY.

> In an action against a foreign insurance company, a written admission,
> signed by the Superintendent of Insurance, of service "of process  *  *  *
> in behalf of James J. McKeever, as administrator," etc., is fatally defect-
> ive, as proof of process, as it does not identify the process served.
>
> 106 N.Y.S.—66

2. COURTS—MUNICIPAL COURT—JURISDICTION—PLEADING.

A complaint alleging that defendant is a foreign corporation, but not alleging that it has an office in the city of New York, does not give the Municipal Court of that city jurisdiction; its jurisdiction of actions against foreign corporations being expressly limited to those having offices in the city, by Laws 1902, p. 1488, c. 580, § 1, subd. 18.

3. CORPORATIONS—FOREIGN CORPORATIONS—ACTIONS—JURISDICTION.

Proof that a defendant foreign insurance company is an insurance corporation, and that it has filed a written appointment of the Superintendent of Insurance as its attorney to receive service of process against it, required by Laws 1892, p. 1945, c. 690, § 30, is necessary to give jurisdiction of an action against it by admission of service of process by the Superintendent of Insurance.

4. SAME—PROCESS—STATUTORY PROVISIONS.

Insurance Law, Laws 1892, p. 1945, c. 690, § 30, compelling foreign insurance companies to file the written appointment of the Superintendent of Insurance as attorney to receive service of process against them as a condition precedent to doing business in the state, was intended to provide a way of obtaining personal service on a foreign insurance company, and such service should be deemed to be made within the territorial jurisdiction of the court issuing the process.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by James J. McKeever, administrator of Fannie McKeever, against the Supreme Court of the Independent Order of Foresters. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

John H. Corwin, for appellant.
August P. Wagener, for respondent.

MILLER, J. The defendant appeals from a judgment of the Municipal Court rendered upon its default, and asserts that the plaintiff failed to show personal service of the summons upon it. The only proof of service was a written admission, signed by the Superintendent of Insurance, of service "of process * * * in behalf of James J. McKeever as administrator," etc. But this alleged admission of service was fatally defective, as it did not identify the process served. The complaint alleges that the defendant is a foreign corporation, but there is no allegation that it has an office in the city of New York, as it would have to have in order to give the Municipal Court jurisdiction (Municipal Court Act, Laws 1902, p. 1488, c. 580, § 1, subd. 18); nor is there any proof that it is an insurance corporation, or that it has executed and filed the written appointment provided for in section 30 of the insurance law (Laws 1892, p. 1945, c. 690).

We do not assent to the proposition, argued by the appellant, that service of the summons on the Superintendent of Insurance at Albany would not give the court jurisdiction in any case, for not being service within the city, but think that such service would have to be deemed service within the city, in case the other jurisdictional facts were shown. In other words, said section 30 of the insurance law was intended to provide a way of obtaining personal service on a foreign in-

surance corporation, and such service should be deemed to be made within the territorial jurisdiction of the court issuing the process. But this judgment must be reversed for failure to show the jurisdictional facts hereinbefore stated.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.