GUTSCHALK v. PECK.

(District Court, N. D. Ohio, W. D. May 26, 1919.)

No. 2620.

1. STATUTES ⬅═➾181(2)—CONSTRUCTION; UNJUST CONSEQUENCE.
    A construction placed on a statute should avoid an awkard and unjust consequence, unless the language compels such a result.

2. STATUTES ⬅═➾217, 224—CONSTRUCTION; HISTORY OF LEGISLATION AND OTHER SECTIONS OF LAW.
    The construction of a statute should be with reference both to the history of the legislation and to other sections of the law with which it is in pari materia.

3. STATUTES ⬅═➾206—CONSTRUCTION; PUNCTUATION AND CHOICE OF LANGUAGE.
    It is a fundamental and general canon of construction of a statute that attention must be given to all parts of the particular piece of legislation, with some consideration both for punctuation and choice of language.

4. COURTS ⬅═➾270—JURISDICTION OF FEDERAL COURTS; DISTRICT OF SUIT.
    Judicial Code, § 51 (Comp. St. 1033), authorizes a civil suit to be brought in a federal court in the district of plaintiff's residence, where jurisdiction depends alone on diversity of citizenship, only when defendant may be found and served in such district.

At Law. Action by Katherine M. Gutschalk against Walter Peck. On motion to quash service of process. Motion sustained.

Young & Young, of Norwalk, Ohio, for plaintiff.
Graves & Stahl, of Toledo, Ohio, for defendant.

KILLITS, District Judge. This is an action for damages, only, for breach of a contract of marriage. The plaintiff is a resident of this district. The defendant resides in the district of Nebraska. The action is brought in this court. On the præcipe of the plaintiff a summons from this court was issued to the marshal of the district of Nebraska for service upon the defendant in the latter's home district, and the return shows service had at Ravenna, Neb. The petition alleges the diverse citizenship of the parties.

The defendant appears specially with a motion to set aside and quash service, on the alleged ground that the court is without jurisdiction over the defendant's person, and that the service of summons upon him without this district was unauthorized. We think this motion well taken. The proceeding is sought to be justified under provisions of section 51, Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1101 [Comp. St. § 1033]), and in quoting that section we underline the features upon which plaintiff depends:

"Except as provided in the five succeeding sections, no person shall be arrested in one district for trial in another, in any civil action before a District Court; and, except as provided in the six succeeding sections, no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; *but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.*"

[1, 2] Two canons of interpretation are to be applied: First, that the construction placed upon the statute should avoid an awkward and unjust consequence unless the language compels such a result; second, that the construction should be with reference both to the history of the legislation and to other sections of the law with which it is in pari materia.

[3] Of course, as a fundamental and general canon of construction, attention must be given to all parts of the particular piece of legislation, with some consideration both for punctuation and choice of language.

[4] Applying these criteria, we hold that the language depended upon from section 51 of the Judicial Code is not in fact an attempt to enlarge, from previous legislation, the court's jurisdiction over the person of a nonresident defendant, but it is a limitation thereof. Previous to 1888, when section 51 became the law, jurisdiction of an individual was given to a federal court of first instance in this language (Act March 3, 1875, c. 137, § 1, 18 Stat. 470):

"No civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, or in *which he shall be found at the time of serving such process or commencing such proceeding,* except as hereinafter provided."

Comparing this language with that above quoted from the act of 1888 (Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [Section 51, Judicial Code]), it will appear that the broad provision that a person might be proceeded against in a civil action in any district in which he might

be found was repealed in the provision, in the new legislation, that "no civil suit shall be brought in any District Court against any person by any original process of proceeding in any other district than that whereof he is an inhabitant; * * *" In writing this into section 51, Congress undoubtedly was protecting the individual against process wherever he might be. This language just quoted ends with a semicolon. The statute proceeds thereupon to a limitation of its effect to operate under certain circumstances, and so the statute says:

"But where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

When we bear in mind that Congress is amending a statute which provided that the defendant might be sued in any district in which he is found, the meaning of this provision, it seems to us, is clear. By the old statute the plaintiff could begin an action in the district where he found the defendant, commanding for that purpose the power of the court to cause its own officers to summon the defendant, but this law, of course, compelled the plaintiff to go into the district in which he found his adversary to commence the action. The limitation in section 51 we are considering must, we think, be considered to be, pro tanto, a preservation, under the circumstance provided for, of the right accorded in the Act of 1875, and it should not be construed to give this court a kind of jurisdiction which was not provided for by the act of 1875.

We are therefore of the opinion that the language in question means this, and nothing more than this: That a party may go into his adversary's district to sue him, or if he catches his adversary in plaintiff's own district, he may sue him there. To say that this language means that a party may go into the court of his own district, and command process to run out of that court, in an action of this general character, to a far-distant district where the adversary may be, is to plead for an innovation in the law which we cannot see that the language of the statute requires, and for one which is of so far-reaching a character, and so fraught with disadvantage to and possible invasion of the rights of a defendant, that it is inconceivable that Congress intended such a result. If such is the true meaning of this statute, then it follows that the processes of the court of the district of Maine are available in an action for money only to bring a sole defendant from the district of Alaska or Hawaii and force him to a defense under unconscionable conditions. Congress certainly meant to do no such thing.

The motion to quash, therefore, is sustained.