## HERRIAGE v. TEXAS & P. RY. CO.

(District Court, W. D. Louisiana, Shreveport Division. March 10, 1926.)

No. 1584.

**1. Courts ⬅➡344—Service of citation on non-resident corporation in different district, by directing to defendant's agent in such district and having it served by marshal of such district, held unauthorized (Judicial Code, §§ 51, 54 [Comp. St. §§ 1033, 1036]).**

Under Judicial Code, § 54 (Comp. St. § 1036), service of citation on nonresident corporation in another district, by directing it to defendant's agent in such district, and having it served by marshal of that district, was unauthorized, notwithstanding section 51 (Comp. St. § 1033) permits bringing of such suits in district of domicile of either plaintiff or defendant.

**2. Courts ⬅➡344—Federal District Court cannot send process beyond territorial limits, although law of state is followed in serving nonresident corporations.**

In absence of federal statute, law of state is followed in making service on foreign or nonresident corporations; but federal District Court cannot send its process beyond its territorial limits.

At Law. Suit by Mrs. Julia A. Herriage against the Texas & Pacific Railway Company. On motion to quash citation. Motion sustained, with reservation of right to make additional and proper service.

Crow & Coleman, of Shreveport, La., for plaintiff.

Wise, Randolph, Rendall & Freyer, of Shreveport, La., for defendant.

DAWKINS, District Judge. This case has been submitted upon a motion to quash the citation. The suit is one for damages because of illness alleged to have been occasioned by the failure of defendant to properly heat one of its coaches, upon which the petitioner was traveling as a passenger. It is alleged that the defendant is a citizen of the state of Texas, but that it has an agent for the service of process in the city of New Orleans, La. The prayer is for service according to law, but the citation was directed to the defendant, through its said agent, in the city of New Orleans, which is situated in the Eastern district of this state, and was sent to and served by the marshal of that district.

[1, 2] No provision of law has been cited by plaintiff to sustain this service. Even as to suits of local nature, Congress found it necessary to make special provision for service by the marshal of another district, where the defendant resided in such district in the same state. Section 54 of the Judicial Code (Comp. St. § 1036). Section 51 (Comp. St. § 1033) does permit the bringing of suits, such as this, in the district of the domicile of either the plaintiff or defendant, but this does not enlarge the power of one court to send its process for service in another. As to foreign or nonresident corporations, in the absence of a federal statute, the law of the state is followed for making service; but this does not carry the right to a federal District Court to send its process beyond its territorial limits. See Compiled Statutes Annotated, vol. 3 (1916) p. 2949.

For the reasons assigned, the motion to quash should be sustained, with reservation to plaintiff of the right to have additional and proper service made.