ALEXANDER S. OSTERHOUDT, Plaintiff. *v.* JOSEPH L. HOROWITZ, Defendant.*

Municipal Court of New York, Borough of Brooklyn, Fifth District, February, 1930.

* See, also, 135 Misc. 368.

*Singer & Singer*, for the plaintiff.

*Frederick Mellor*, for the defendant.

WASSERMAN, J. The service of the summons on the defendant was made in accordance with the provisions of section 52 of the Vehicle and Traffic Law, which is as follows: " The operation by a nonresident of a motor vehicle or motor cycle on a public highway in this state shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such a public highway; and such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state. Service of such summons shall be made by leaving a copy thereof, with a fee of two dollars, with the secretary of state, or in his office, and such service shall be sufficient service upon such nonresident provided that notice of such service and a copy of the summons are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt, the plaintiff's affidavit of compliance herewith, and a copy of the summons and complaint are filed with the clerk of the court in which the action is pending. The court in which the action is pending may order such extensions as may be necessary to afford the defendant reasonable opportunity to defend the action."

. It is urged by the defendant that service under the provisions of the Vehicle and Traffic Law is made outside of the physical limits of the city of New York, and that consequently the Municipal Court obtains no jurisdiction because under section 14 of the Municipal Court Code the power of the court to send its process is limited to the city of New York.

Section 14 of the Municipal Court Code is as follows: " The court shall have power to send its process and other mandates in an action or special proceeding of which it has jurisdiction to any part of the City of New York for service or execution, and to enforce obedience thereto, and the power and authority of said

court extends to the whole of said city of New York, except as otherwise expressly prescribed in this act."

The contention of the plaintiff that service under the Vehicle and Traffic Law is completed when a copy of the summons is left with the Secretary of State or at his office, and that since the Secretary of State is a State officer he may be deemed to be constructively present in every part of the State is untenable.

Section 52 of the Vehicle and Traffic Law expressly provides that the leaving of a copy of the summons with the Secretary of State, or in his office, " shall be sufficient service upon such nonresident *provided that notice of such service and a copy of the summons are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt, the plaintiff's affidavit of compliance herewith, and a copy of the summons and complaint are filed with the clerk of the court in which the action is pending.*"

The sending by registered mail of a copy of the summons to the defendant is a necessary part of the service. Indeed without the provision for the sending by registered mail of a copy of the summons to the defendant, section 52 of the Vehicle and Traffic Law would be unconstitutional. (*Wuchter* v. *Pizzutti*, 276 U. S. 13.) It was there said (p. 19): " We quite agree, and, indeed, have so held in the *Pawloski Case* (274 U. S. 352), that the act of a non-resident in using the highways of another State may properly be declared to be an agreement to accept service of summons in a suit growing out of the use of the highway by the owner of the automobile, but the enforced acceptance of the service of process on a State officer by the defendant would not be fair or due process unless such officer of the plaintiff is required to mail the notice to the defendant, or to advise him, by some written communication, so as to make it reasonably probable that he will receive actual notice."

Our own courts have declined to enforce in this State a judgment obtained by default against a resident of the State of New York in the State of Connecticut by service of summons under a statute similar to section 52 of the Vehicle and Traffic Law, with the exception that the Connecticut statute does not provide for the service of the summons on the defendant by mail or otherwise so as to give the defendant actual notice of the commencement of the action, on the ground that such service is not due process. (*Freedman* v. *Poirier*, 227 App. Div. 320.)

It is clear that the service of the summons on the Secretary of State alone is not a complete and effectual service under the *Wuchter Case* (276 U. S. 13), and that the mailing of a copy of the summons to the defendant, outside of the State of New York, and

his receipting for it, are necessary elements of a complete and effectual service. The copy of the summons in the case having been mailed to the defendant beyond the physical limits of New York city, and the defendant having signed the receipt outside of those limits, this court has obtained no jurisdiction over him.

It cannot be argued that the provisions of section 52 of the Vehicle and Traffic Law cover a special class of cases and provide a new method of effecting service of process in that class of cases, and that, therefore, the Legislature intended to confer jurisdiction over the defendant to every court of the State. The Legislature cannot do by implication that which it is prohibited from doing by the Constitution.

Section 18 of article 6 of the New York State Constitution is as follows: "The Legislature shall not hereafter confer upon any inferior or local court of its creation, any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon County Courts by or under this article; *but it may provide that the territorial jurisdiction in civil cases of any inferior or local court now existing or hereafter established in any city or of justices of the peace in cities shall extend throughout the county or counties in which such city may be located.*"

In spite of the above provisions of the Constitution, the Legislature adopted the New York City Court Act in 1926 and provided that "all process and mandates of the court *may be executed in any part of the State.*" The Court of Appeals has held that this provision of the New York City Court Act is unconstitutional and that the City Court of the City of New York has no power to send the process beyond the limits of the city of New York. (*American Historical Society* v. *Glenn*, 248 N. Y. 445.)

The motion to dismiss is granted and this action is dismissed.