HARRY B. STOIBER, Plaintiff, *v.* ENRICO MARINACCI and Another, Defendants.

City Court of New York, Bronx County, February 3, 1931.

*Joseph H. Kassoy*, for the plaintiff.

*Ireland, Caverly & Hendrickson* [*Leo Walton* of counsel], for the defendants.

EVANS, J. The action is brought under section 52 of the Vehicle and Traffic Law (as amd. by Laws of 1930, chap. 57) against a resident of New Jersey. The jurisdiction of this court is attacked, because the process was served upon the Secretary of State at one of his offices within the city of New York, and thereafter by the plaintiff by registered mail upon defendants in New Jersey. I will follow the decision of Mr. Justice SHIENTAG (*Bessan* v. *Public Service Co-Ordinated Transport*, 135 Misc. 368). Contrary reasoning may be found in *Osterhoudt* v. *Horowitz* (135 Misc. 744, 745); *Tannenbaum* v. *Wehrle* (133 id. 577), and *Heihs* v. *Reinberg* (136 id. 815), but only applicable, as *stare decisis*, to the jurisdiction of the Municipal Court. When one speaks of the statutory and constitutional territorial limitation in jurisdiction, among the local courts, within the State, the reason for it is grounded upon the convenience of the residents of the various parts of the State. (*American Historical Society* v. *Glenn*, 248 N. Y. 445.) When one considers the basis of extraterritorial jurisdiction of one State " drawing into its web by its process " the residents of other States, an entirely different picture is seen. If the New Jerseyite is to be drawn into the courts of New York, it makes small difference to him into which of the three great civil tribunals of New York city he is called. The reasoning which prevents a resident of Buffalo from being haled, by process, before the City Court of the City of New York, in spite of legislative authority (City Court Act, § 27), and the reason for the constitutional prohibition against the granting of any greater jurisdiction to local courts than is granted to the County Courts (N. Y. Const. art. 6, § 18), is not applicable to the situation at bar. Section 52 of the Vehicle and Traffic Law does not, by its language, exclude from jurisdiction any of the civil courts of the State. There is nothing in the statute which leaves room for the slightest argument on that subject. The Secretary of State is appointed by law the agent of the non-resident to receive process. I can perceive no difference between the Secretary of State, as the agent, and any other agent, appointed by foreign corporations, in this State, or by individuals, to receive

service of process.  Suppose such an agent residing in Montauk Point is served with process of the City Court in Montauk Point. He might well contest the service.  But suppose such agent, at Montauk Point, chooses to accept such service and appears, the court would undoubtedly acquire jurisdiction.  Reasoning further, the Secretary of State is appointed the agent of the non-resident, not by the non-resident, but by the sovereign power of this State. The non-resident is, therefore,. without power to direct the Secretary of State as to whether to accept service only in the city of Albany or in any particular part of the State.  The statute gives no command to the Secretary of State as to the locality in which he shall accept service.  Not the slightest intention can be detected in the statute to confer jurisdiction under this statute solely upon the Supreme Court.

I, therefore, conclude that all the civil courts of the State have been invested with jurisdiction, and not any court in particular.  So long as the Secretary of State receives the process, and thereafter plaintiff complies with the statute, the foreign resident has no complaint that can properly be heard under the statute.  There is no good reason why a resident of Syracuse cannot avail himself of the jurisdiction of the City Court of Syracuse against a foreign automobilist who injures him in that city, nor why a resident of New York city cannot invoke the jurisdiction of the City Court of the City of New York when a foreign automobilist commits a like offense there, nor why a resident of Brooklyn cannot invoke the aid of the Municipal Court within his district for like relief.

Motion to vacate the service of the summons denied.