ABRAHAM STRAUSBERG, Plaintiff, *v.* HAZEL MURPHY, Defendant.
City Court of New York, Bronx County, March 18, 1931.

*Jacob P. Poses,* for the plaintiff.

*Frank J. Hand,* for the defendant.

DONNELLY, J.  Defendant, a resident of Rutherford, N. J., and the owner of an automobile bearing a New Jersey registration number, is sued for damages arising out of her alleged negligence in the operation of said vehicle in one of the public streets in the borough of Manhattan, thereby inflicting personal injuries upon the plaintiff and damage to plaintiff's car.  Pursuant to the provisions of section 52 of the Vehicle and Traffic Law (as amd. by Laws of 1930, chap. 57) of the State of New York, a copy of the summons and complaint herein was served on the Secretary of State of the State of New York by delivering it to and leaving it with him in his office, at 80 Centre street, in the borough of Manhattan, and at the same time the fee of two dollars, provided by statute, was paid.  Notice that such service was made, together with a copy of the summons and complaint, were mailed at the city of New York to the defendant, at her residence, 220 West Passaic avenue, Rutherford, N. J.  Defendant seeks to set aside the service and claims it is ineffective to give this court jurisdiction, in view of the fact that as this court is of inferior local jurisdiction, its process could be served only within the limits of the city of New York.  The precise point involved herein was decided by my colleague, Mr. Justice EVANS, who upheld the service (*Stoiber* v. *Marinacci,* 139 Misc. 838; *Marcus* v. *Day,* Id. 283).  In the result reached in the cases just cited, I concur.

The Constitution of this State (Art. 6, § 15) provides that this court "shall have the same jurisdiction and power throughout the city of New York * * * as it *now* possesses within the county of New York and the county of Bronx." (Italics mine.) "Now" refers to the time when section 315 of the Code of Civil Procedure was in force, and by that section it was provided: "The jurisdiction of the city court of the city of New York, extends to the following cases: 1. An action against a natural person, or against a foreign or domestic corporation, wherein the complaint demands judgment for a sum of money only * * *." Section 16 of the New York City Court Act (Laws of 1926, chap. 539, in effect Jan. 1, 1927), which was enacted to effectuate the constitutional provisions just quoted, reads: "The city court of the city of New York shall have original jurisdiction concurrent with the supreme court of the state of New York, in the following cases: 1. In actions for the recovery of money only * * * in which the complaint demands judgment for a sum not exceeding three thousand dollars."

It would be straining interpretation to the point of absurdity to contend that, because of the omission from the statute of the words "against a foreign or domestic corporation," it had been intended to deprive this court of the jurisdiction it had in those cases in which domestic and foreign corporations were defendants. Service of the summons in an action instituted in this court against a foreign insurance company by service upon the Superintendent of Insurance at Albany was upheld (*People ex rel. Firemen's Ins. Co.* v. *Justices of City Court of New York*, 11 N. Y. Supp. 773), and it is apparent that the ruling then made was subsequently approved in *McKeever* v. *Supreme Court of Independent Order of Foresters* (122 App. Div. 465).

So far as the method of acquiring jurisdiction is concerned, I can perceive no distinction in principle between foreign corporations and individuals resident in other States. A foreign corporation obtains the privilege to do business in this State by designating our Secretary of State as its agent upon whom process against it may be served. The visiting motorist is permitted to use our streets and highways upon the implication that when he avails himself of these facilities, our Secretary of State is to be deemed his agent for the purpose of receiving process in an action instituted against him, not in the Supreme Court exclusively, but in any one of our civil courts.

Motion to vacate service of the summons denied, with ten dollars costs.