PATRICK J. MAGUIRE, Plaintiff, v. HARRY REISS, Defendant.

City Court of New York, Kings County, April 22, 1931.

*Marshall S. Marden*, for the plaintiff.

*Joseph F. Hanley*, for the defendant, appearing specially.

GEISMAR, J. Motion to set aside service of the summons upon a resident of the State of New Jersey made in accordance with the provisions of section 52 of the Vehicle and Traffic Law by serving a copy thereof upon the Secretary of State of the State of New York as the duly constituted agent of the defendant and by mailing another copy to the defendant at his place of residence in New Jersey.

In the present case the service was made within New York city at an office maintained therein by the Secretary of State. The law is constitutional. (*Horvath* v. *Brettschneider*, 131 Misc. 618; *O'Tier* v. *Sell*, 252 N. Y. 400; *Hess* v. *Pawloski*, 274 U. S. 352.)

Where service has been effected upon the Secretary of State at an office outside of New York city the doctrine of *American Historical Society* v. *Glenn* (248 N. Y. 445) has been invoked to challenge such service as invalid. The invalidity thereof is sustained in *Bischoff* v. *Schnepp* (139 Misc. 293) and *Heihs* v. *Reinberg* (136 id. 815). On the grounds, generally, that this statute is for the convenience generally of local plaintiff litigants, that nowhere in express terms does it confine litigation thereunder to the Supreme Court, and that the Secretary of State is an officer of statewide and not of merely local function or jurisdiction, such service in this court has been held as valid. (*Bessan* v. *Public Service, etc.*, 135 Misc. 368; *Marcus* v. *Day*, 139 id. 283.)

For the argument that the Secretary of State is not an officer whose function is confined to one county of the State very strong support is to be found in a case not hitherto cited in connection with this subject, namely: *Matter of Travis* (184 App. Div. 505; affd., without opinion, 224 N. Y. 598). The question was whether the name of Eugene Travis should be stricken from the primary ballot because his petition filed in the office of the Secretary of State in Albany was invalid in that the notary's certificate thereon was not properly authenticated by the county clerk of Kings county. The opinion of THOMAS, J., concurred in by the whole court, says: " I vote to reverse upon the ground that the office of Secretary of State is common to the State, and is not limited to the county of Albany; and that when the Secretary of State receives a petition, his function and act are not confined within the county of Albany, but operate and extend through the whole State." In the concur-

ring opinion of Mr. Justice JENKS it is stated that this practical construction has obtained heretofore and, therefore, should be given force and adherence. (*Easton* v. *Pickersgill*, 55 N. Y. 315.) This renders unnecessary the consideration of any argument that the locale of the Secretary's office must in any event be taken as lying in Albany county and calling into question the power to maintain an office whether as a branch or otherwise for service outside such county.

The motion to set aside the service is denied, with ten dollars costs.