BENJAMIN SALZMAN, Plaintiff, *v.* KATHERINE ATTREAN, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, December 22, 1931.

*Sidney Franklyn Looker,* for the plaintiff.

*Mortimer Braveman,* for the defendant.

EDER, J. This motion involves the construction and interpretation of section 52 of the Vehicle and Traffic Law of this State (as amd. by Laws of 1930, chap. 57). This statute authorizes service of a summons to be made upon the Secretary of State as the attorney for a non-resident defendant who is sued for damages as the owner or operator of an automotive vehicle, growing out of any accident or collision in which such non-resident may be involved. So far as here pertinent, it reads: " The operation by a nonresident of a motor vehicle or motor cycle on a public highway in this state, or the operation on a public highway in this state of a motor vehicle or motor cycle owned by a nonresident if so operated with his consent, express or implied, shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved  *  *  *  and such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state. Service of such summons shall be made by leaving a copy thereof, with a fee of two dollars, with the secretary of state, or in his office, and such service shall be sufficient service upon such nonresident provided that notice of such service and a copy of the summons are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt, the plaintiff's affidavit of compliance herewith, and a copy of the summons and complaint are filed with the clerk of the court in which the action is pending."

Pursuant to this provision a copy of the summons in this action was served on the Secretary of State at his designated New York city office and a copy forwarded to the defendant by registered mail addressed to her at Milton, Pa.

The defendant appears specially and moves to vacate and set aside the service asserting that service so made is void. In urging this claim defendant predicates it upon section 14 of the New York City Municipal Court Code, which provides that service of the summons of this court must be made within the city of New York, *e. g.,* within its territorial limits; that section 52 of the Vehicle and Traffic Law invests this court with jurisdiction to effect service of

its summons beyond its jurisdictional borders, both on the Secretary of State, as well as on the defendant; that this court being one of local and circumscribed jurisdiction, the statute in question cannot operate to extend the power of this court so as to authorize its process to be validly served beyond the confines of the city. Lack of harmony of decision on the question behooves an independent expression of opinion.

It is to be noted that the statute does not specify, as it does in some instances, that service upon the Secretary of State shall be made at his principal office in Albany (See, for example, Banking Law, §§ 28, 145; Gen. Corp. Law of 1929, §§ 210, 217; Ins. Law, § 30, as amd. by Laws of 1910, chap. 634); nor does it direct that the service must be made upon him personally; it does not expressly authorize the delivery and leaving of the summons by mail; neither does it inhibit it; neither is there any declaration therein that this provision shall be applicable to any particular court. This law is one of general scope, being directed to a matter of procedure, and being remedial in character, is to be liberally rather than rigidly construed; such is the accepted canon of statutory and judicial construction. (*Carpenter* v. *Manhattan Life Ins. Co.*, 22 Hun, 49; see McKinney's Consol. Laws of New York, book 1, Statutes and Statutory Construction, § 157.) Therefore, I am of the opinion that in the absence of any indicia of restraint, either as to the mode of delivery of the summons, or as to extent of operation, the statute is applicable to all judicial tribunals in this State, within territorial limits, and, consequently, is applicable to this court.

Some of the reported rulings hold it to be a matter of no moment whether the service of the summons upon the Secretary of State is made within the city or by mailing it to him at his principal office in Albany, or leaving it there (*Bessan* v. *Public Service Co-Ordinated Transport*, 135 Misc. 368; *Stoiber* v. *Marinacci*, 139 id. 838; *Marcus* v. *Day*, Id. 283); others hold to the proposition that such service, whether by delivery or mailing, must be effected within the territorial limits of the court. (*Heihs* v. *Reinberg*, 136 Misc. 815; *Bischoff* v. *Schnepp*, 139 id. 293; *Osterhoudt* v. *Horowitz*, 135 id. 744; *Tannenbaum* v. *Wehrle*, 133 id. 577; *Berkowitz* v. *Dunphy*, 141 id. 561.)

I incline to the latter as the better and correct view. The territorial jurisdiction of a court is a matter of substance and not of form (*American Historical Society* v. *Glenn*, 248 N. Y. 445, 453); its geographical boundaries are designed and prescribed with a definite purpose and object in view, *i. e.*, to constrict the extent of its operation and authority (*American Historical Society* v. *Glenn, supra*); it is a limitation which is fundamental and real

and not merely theoretical; and however much it may be desired and necessary to convenience that the process of a court reach beyond its geographical barriers, the power of change, subject to and within constitutional limitation, resides with the Legislature and not with the judiciary; judicial edict cannot accomplish the expansions; such enlargement must come from the Legislature and cannot come from the court without ignoring the constitutional recognition, division and separation of the executive, legislative and judicial branches of government.

Since the statute does not require the summons to be personally served on the Secretary of State, or that it be personally delivered to his office, it is sufficient if it is left at his office, either by personal delivery, or by mail. The plain purport of this enactment is that the Secretary of State, as the attorney for a non-resident defendant, shall receive a copy of the summons.

The remaining point is whether service of the summons on the Secretary of State may be made by delivery or mailing to his office within the city or whether it must be served at his principal office in Albany.

It seems to me that service effected here, within the territorial limits of the city, is sufficient. The office of Secretary of State is common to the State and is not limited to the county of Albany; the functions and acts of the Secretary of State are not confined within that particular county, but operate and extend through the whole State (*Matter of Travis*, 184 App. Div. 505; affd., 224 N. Y. 598); and perforce this condition the conclusion has been deduced that he is to be deemed constructively present in every part of the State (*Bessan* v. *Public Service Co-Ordinated Transport, supra*); that being constructively present in the city, service of the summons by mailing it to him within the city, though addressed to him at his principal office in Albany, must be deemed to have been served upon him here, on the theory that his principal office, though actually located in Albany, is constructively here, without regard to literal geographical location.

I am not quite in accord with this conclusion. For various purposes, I agree that such a conclusion may well be adopted; but quite another situation is presented as respects territorial jurisdiction. For jurisdictional purposes, service within a prescribed domain must be an actuality and cannot rest in fiction or in theory (*American Historical Society* v. *Glenn, supra*); with regard to situs as a jurisdictional element, it is my view that with courts of local jurisdiction, where the border line marks the terminus of power, the process of such court is only effective within its defined jurisdictional area. Hence, the service of the summons of this court

upon the Secretary of State, though it may be made under this section, can only be validly made, whether by delivery or mailing, within New York city. As I have said, the statute does not, as in some other instances, specially prescribe that the service of process upon the Secretary of State shall be made at his office in Albany. I find no statute or ruling, and I have been referred to none, that the Secretary of State may not establish additional offices in other localities of the State, deemed necessary for the proper and adequate transaction of the business pertaining to his office, and in the absence of any prohibition I think it obvious that he may do so. This he did, establishing an office in the city of New York, where process under this statute may be served upon him, and such service of process, originating from this court, if made within the city limits, is valid.

When, therefore, the summons of this court is served upon the Secretary of State, at his office in New York city, under the authority of this statute, whether by personal delivery or mailed to him here, it is valid and binds the defendant. So, also, does the service of the summons upon the non-resident defendant by registered mail. (*Hess* v. *Pawloski*, 274 U. S. 352; *Wuchter* v. *Pizzutti*, 276 id. 13.)

If the views herein expressed be correct, it follows as a necessary corollary and legal sequence that the motion to vacate and set aside the service of the summons must be denied. So ordered.