LOWELL W. CLARKE, Plaintiff, *v.* CARLISLE FOUNDRY. COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District, March 14, 1934.

*George C. Franciscus*, for the defendant, appearing specially, for motion.

*Arthur M. Becker*, for the plaintiff, opposed.

EDER, J.   Defendant, a foreign corporation, located at Carlisle, Penn., and maintaining no offices for the transaction of business in this State, appears specially to object to the jurisdiction of this court, and moves to vacate the warrant of attachment, issued against it in this action, contending that section 48 of the Municipal Court Code, which provides for service upon a non-resident defendant by registered mail of a copy of the summons, warrant of attachment and inventory, is unconstitutional, as contravening the due

process of law clause of the national Constitution, Fourteenth Amendment, section 1, in that it fails to afford such non-resident defendant reasonable time and opportunity for defense. As alternative relief defendant asks to be permitted to defend on the merits, if the statute be held valid. This latter relief cannot be considered as a motion to open a default and for leave to defend on the merits, must necessarily concede the jurisdiction of the court. Even so, I should deny such relief as the moving papers present no facts disclosing that the defendant has a meritorious defense to the action; the debt appears to be clearly due and owing to the plaintiff as attested by the defendant's own letter of February 14, 1934.

However, if the court lacks jurisdiction it cannot issue valid process or grant a binding judgment.

While I think the point well taken that section 48 of the Municipal Court Code is unconstitutional for the reasons which I shall presently state, yet I am of the opinion that if the service by registered mail was inadequate, plaintiff may still make valid service by publication under section 21 of the Municipal Court Code.

A statute providing for service of a summons or other process upon a non-resident defendant by registered mail, where reasonable time and opportunity for defense is given, is valid and does not offend the due process of law clause mentioned. (*Hess* v. *Pawloski*, 274 U. S. 352; *Salzman* v. *Attrean*, 142 Misc. 245.) It is only when such statute fails to make provision for a reasonable time and opportunity for defense that it violates the mentioned provision of the Federal Constitution. (*Wuchter* v. *Pizzutti*, 276 U. S. 137.)

This section 48 of the Municipal Court Code plainly does, and is, therefore, in my opinion, unconstitutional, as it fails to give a non-resident defendant so served by registered mail a reasonable time and opportunity for defense, and there is no reasonable postponing of judgment awaiting appearance.

Section 48 of the Municipal Court Code provides that if the non-resident defendant has no place of residence in the city, service shall be effected " by delivering a true copy of the summons, warrant and inventory, to the person in whose possession the property attached is found," " and by sending another copy of each by registered mail, addressed to the defendant at his last known address."

A summons of the Municipal Court of the City of New York must be answered within five days after service, exclusive of the day of service (Mun. Ct. Code, § 20), and where such service is accomplished by mailing the process to a non-resident defendant, with service complete as of the day of mailing, it is apparent that

five days from such date does not afford a reasonable time and opportunity for defense, particularly where the non-resident defendant is located at a considerable distance, as, for example, California, Oregon, or the State of Washington. Inadequate opportunity to appear and answer is equivalent to no notice or opportunity at all. "A legislature cannot enact that no notice be given, or make that a notice which is no notice at all. To do that would be a fraud on the Constitution." (*Martin* v. *Central Vermont R. R. Co.*, 50 Hun, 347, 350.)

The Massachusetts statute considered in the *Hess Case* (*supra*) was held valid because it contained a provision for the postponing of judgment awaiting appearance of the non-resident defendant, and its saving clause provided: " The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action." We have no such provision in section 48 of the Municipal Court Code. *Ipso facto*, upon the expiration of the five days after service by mail plaintiff may enter judgment.

Since no *reasonable* opportunity is afforded such non-resident defendant by section 48 to appear and defend, it is tantamount to depriving the defendant of property without due process of law, and section 48 is, in my judgment, therefore, unconstitutional.

Since the service by registered mail under section 48 of the Municipal Court Code is invalid, in legal effect the situation is that the summons has not yet been served. But under section 21 of the Municipal Court Code, where a warrant of attachment has been granted, unless the summons is served within thirty days after the granting of the warrant, " an order of the court may be obtained before the expiration of such period, providing for the service of the summons upon the defendant by publication."

The warrant of attachment was granted on February 16, 1934, and the plaintiff still has time to effect service by publication.

For the foregoing reasons the motion to vacate the warrant of attachment is denied.