UNITED STATES, to Use of AMERICAN TAR PRODUCTS CO., v. SEVERIN et al.

No. 3397.

District Court, M. D. Pennsylvania.

April 24, 1934.

Jenkins, Turner & Jenkins, of Wilkes Barre, Pa., for plaintiff.

Welles, Mumford & Stark, of Scranton, Pa., for defendants.

755

WATSON, District Judge.

This case came on to be heard upon a rule granted at the request of Neil P. Severin and Alfred D. Severin, a copartnership trading as N. P. Severin Company, to show cause why the service of the summons should not be set aside and the writ of summons quashed. The petitioners for the rule appeared de bene esse, for the purpose of raising the question.

The suit is brought under section 270, title 40 USCA, in the name of the United States of America, to the Use of American Tar Products Company, for labor and materials furnished N. P. Severin Company, one of the defendants, which had contracted with the United States for the demolition of structures on the site, and construction of the new building for the post office and courthouse at Scranton, Pa. The suit is upon the bond of the defendants with the Commonwealth Casualty Company as surety. By the terms of said bond, both principal and surety acknowledged themselves to be jointly and severally liable.

In United States v. Congress Construction Company, 222 U. S. 199, 32 S. Ct. 44, 56 L. Ed. 163, it was held that the provision restricting the place of suit operates pro tanto to displace the provision of the Judicial Code, and authorizes the court wherein the action is required to be brought to obtain jurisdiction of the persons of the defendants through the service upon them of its process in whatever district they may be.

The rule to show cause, however, raises an additional question which presents more difficulties and necessitates a consideration of the facts. The writ of summons was directed to the marshal of the Middle district of Pennsylvania. The return was made by the marshal of the Northern district of Illinois, and reads as follows:

"Marshal's Return

"I have executed this writ by serving the within named Neil P. Severin and Alfred D. Severin, a co-partnership, trading as N. P. Severin Co., by reading and delivering a copy thereof to Alfred D. Severin, one of the copartners, this 22nd day of September, A. D. 1933. The other within named defendants not found in my district.
"H. C. W. Laubenheimer, U. S. Marshal, Northern District of Illinois.
"By R. D. Holcomb, Deputy."

It is to be noticed that the return fails to state where the attempted service was made. The records of the clerk of this district show that the writ, after being issued, was sent September 5, 1933, to the attorneys for the plaintiff, and do not show that the writ was ever placed in the hands of the marshal for the Middle district of Pennsylvania for service. The records of the marshal for the Middle district of Pennsylvania do not show that the writ was ever placed in his hands. No writ was directed to the marshal of the Northern district of Illinois for service.

A marshal is not authorized to serve process outside of his district, nor to serve process directed to the marshal of another district. U. S. v. Palmer et al. (D. C.) 18 F.(2d) 997. So far as Alfred D. Severin or N. P. Severin Company are concerned, the writ, after being issued, was placed in the hands of no person having authority to make service of it. "When a Marshal serves process in a manner or in a place without authority of law, jurisdiction over the person so served is not acquired by the court for which the Marshal has attempted to act." Petty & Co., Inc., v. Dock Contractor Co., 283 F. 341, 344, Circuit Court of Appeals, Third Circuit.

Now, April 24, 1934, the rule to show cause why the service should not be set aside is made absolute, and the service is set aside. The rule to show cause why the writ of summons should not be quashed is discharged.