### KELLER v. AMERICAN SALES BOOK CO., Limited.

#### No. 2063.

District Court, W. D. New York.

Sept. 1, 1936.

Harry C. Kayser, of New York City, for plaintiff.

Franchot, Runals, Cohen, Taylor & Rickert, of Niagara Falls, N. Y., for defendant.

KNIGHT, District Judge.

This is a suit in equity for infringement of a patent. Defendant is a foreign corporation, organized under the laws of the Dominion of Canada. It heretofore filed its certificate with the secretary of state of New York to do business as a foreign corporation in that state. It continued in operation of such business for several years thereafter, when it filed a certificate of surrender of authority to do business there, and, by the terms of this surrender certificate, specifically consented that process against it in an action for liability incurred before filing of such certificate of surrender might be served upon the secretary of

state of the state of New York, and designated a post office address to which a copy of any process might be mailed to the defendant.

While it is urged that the complaint in this suit is insufficient to show liability incurred prior to the filing of the certificate of surrender, this contention is without controlling force, because it does appear that the complaint sets forth a certain extent of liability incurred prior to such filing. Such being the fact, the question of whether the complaint contains certain other allegations arising from liabilities created since the filing is a matter which has no relevancy to this motion.

The motion herein as originally made was for an order setting aside service of the subpœna herein and for dismissal of the complaint on the ground that, at the time of the filing of the complaint, the defendant was not an inhabitant of the Western District of New York; had not then, and has not now, any regularly established place of business in said District. Upon the argument and in its reply memorandum, defendant raises a second question and that is that the service of the process herein, which was made in the Northern District of New York, was invalid and not effective to bring the defendant corporation within the jurisdiction of this court. Since this latter question goes to the question of jurisdiction, it may be raised at any time hereafter, and so may well be decided now.

The motion first presents the question as to whether the consent filed pursuant to the statute of the state of New York confers upon this court jurisdiction of a foreign corporation by a service of process as therein provided.

Section 48 of the Judicial Code (section 109, 28 U.S.C.A.) provides that in suits for infringement of letters patent the District Court "shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business." It is clear from the language of the section and from numerous authorities that section 48, supra, has no application to a foreign (alien) corporation which has no place of business within the District.

Walker on Patents (6th Edition) § 439; Sandusky Foundry & Machine Co. v. De-Lavaud (D.C.) 251 F. 631, 632; United Shoe Machinery Co. v. Duplessis Independent Shoe Machinery Co. Ltd. et al. (C.C.) 133 F. 930, 933; In re Hohorst, 150 U.S. 653, 14 S.Ct. 221, 225, 37 L.Ed. 1211. These authorities refer to the party to be sued as an "alien." In Amdur on Patent Law and Practice, p. 116, it is said: "Section 48 does not apply to aliens, who may be sued in any district where served." The word "alien" as used in these authorities applies to a foreign corporation. Barrow Steamship Co. v. Kane, 170 U.S. 100, 18 S.Ct. 526, 42 L.Ed. 964; In re Hohorst, supra.

The General Corporation Law of New York (Consol.Laws N.Y. c. 23) § 210 et seq. provides for the granting of authority to a foreign corporation to do business in that state. It also provides that such corporation may surrender its certificate of such authority by filing a specified certificate with the Department of State and that such certificate shall contain the provision, "That it consents that process against it in an action or proceeding upon any liability or obligation incurred within this state before the filing of the certificate of surrender of authority, after the filing thereof, may be served upon the secretary of state." Section 216.

It is claimed by the defendant that this statutory provision of the state does not give jurisdiction through service of process as therein provided, in an action either in law or in equity in this court. It is specially urged that such jurisdiction cannot be obtained in equity, because the Conformity Act (28 U.S.C.A. § 724) is not applicable.

It is my opinion that a foreign corporation, such as the defendant, which has left the state, ceased doing business in the state and designated an officer on whom service of process might be served may be brought within the jurisdiction of the court by service of process on the agent designated under the state law.

In United Shoe Machinery Co. v. Duplessis Independent Shoe Mach. Co., supra, one of the defendants was an alien and a resident of the Province of Quebec. It was alleged that he had committed acts of infringement within the United States. He was served with process within the District. After discussing the Act of 1897, which is

the present section 48, supra, it was said: "Under the well-recognized rules of construction, we must decide that there does not appear to have been any intention on the part of Congress to change the settled law, or to make the law apply to suits brought against an alien for the infringement of a patent." This case held that an alien could be sued in any District in which he was found.

In Sandusky Foundry & Machine Co. v. DeLavaud et al., defendants, the individual defendants moved to dismiss on the ground that they were not inhabitants of the District, that they did not infringe, and that they had no established place of business therein. It was there said: "It seems to be settled law that they are not inhabitants of any district, and may be sued in any district within which process can be served on them."

In Re Hohorst, supra, it was said: "Upon deliberate advisement, and for the reasons above stated, we are of opinion that the provision of the existing statute [section 48 (28 U.S.C.A. § 109)] * * * is inapplicable to an alien or a foreign corporation sued here, and especially in a suit for the infringement of a patent right; and that, consequently, such a person or corporation may be sued by a citizen of a state of the Union in any district in which valid service can be made upon the defendant."

In Re Louisville Underwriters, 134 U.S. 488, 10 S.Ct. 587, 589, 33 L.Ed. 991, a libel in admiralty in personam had been filed, and it was said that "In the present case, the libellee had, * * * appointed an agent, * * * on whom legal process might be served. * * * This would have been a good service in an action at law in any court of the state or of the United States in Louisiana. * * * And no reason has been, or can be, suggested why it should not be held equally good in admiralty."

In Zendle v. Garfield Aniline Works (D.C.) 29 F.(2d) 415, an action at law brought in the federal court and quite analogous in the facts to the instant suit, a motion was made to dismiss the complaint on the ground that the court did not have jurisdiction. The New Jersey statute was, in effect, the same as the New York statute. Action was brought to recover for work that had been performed while defendant company was doing business in the state. Subsequently it withdrew from the state.

Service was made upon the secretary of state. Defendant contended that it was an indispensable condition to legal service that the corporation be actually carrying on business within the state at the time of service. The motion was denied. Numerous pertinent authorities are cited in the opinion. This was a suit brought in the District Court. If section 51 of the Judiciary Act (28 U.S.C.A. § 112) is limited in its application, as is section 48, this case is an authority for the claim of plaintiff.

In Western Grocer Co. v. New York Oversea Co. (D.C.) 296 F. 269, the agent designated under the state statute moved from the state. No other agent was designated. Subpœna was served upon the secretary of state. It was held that this sufficed to confer jurisdiction. There, as here, the defendant accepted the conditions imposed by statute.

In Chehalis River Lumber & Shingle Co. v. Empire State Surety Co. (D.C.) 206 F. 559, plaintiff demurred to defendant's plea to jurisdiction. Defendant alleged that it had ceased doing business in the state and had revoked appointments as agents. It was held that the appointment was irrevocable as regards the bringing of an action to recover on a policy of insurance issued before any attempted revocation. See, also, Groel v. United Electric Co., 69 N.J.Eq. 397, 60 A. 822.

In Hill v. Empire State-Idaho Mining & Developing Co. (C.C.) 156 F. 797, the Idaho statute provided for the designation of an agent on whom process might be served. The statute provided that in case of vacancy, the vacancy must be filled within sixty days thereafter. It was held that service on an agent, who had neither resigned nor whose designation had been revoked, was good, even though the foreign corporation had ceased doing business and the agent was no longer connected with the company. This suit was brought in the state district court and removed to the federal court.

The following cases cited by the defendant are distinguishable from those hereinbefore cited:

In Southern & A. Tel. Co. v. New Orleans, M. & T. R. Co., Fed.Cas.No.13,185, the bill was filed in the Southern District of Mississippi to enjoin defendant in certain respects and to compel certain acts. The question of jurisdiction was raised.

The court held that the corporation was an Alabama corporation. The Mississippi statute recognized the corporation as an Alabama corporation and fixed its rights within that state. The Mississippi Act (Laws 1866–67, p. 332) provided for the service of process and designation of an agent for that purpose. It was held that the service of process on the agent appointed to receive it was not sufficient to give the court jurisdiction of the defendant. The general language of the opinion in this case may be said to support the contention of the defendant, but the decision was based upon the provisions of the Mississippi Act, which provided that "The said Company can sue and be sued only in such courts of this state as are courts of record, and in such manner and form as corporations of this state can be sued."

De Castro v. Compagnie Francaise du Telegraphe, de Paris a New York (C.C.) 76 F. 425, is not in point, since in that case service was made on an agent designated while the corporation was engaged in business in the state, and it did not appear that any designation had been made after business had been discontinued.

In United States Gramophone Co. et al. v. Columbia Phonograph Co. et al. (C.C.) 106 F. 220, service was made upon an agent other than one specifically fixed by the state act, and the court recognized the right to sue by making service provided by the state law. This was a suit for infringement. The opinion clearly pointed out the distinction between a case where service is made on an officer who happened to be in the state and where it was made on a designated agent.

In Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 560, 39 L.Ed. 517, service was made upon the president of the corporation while he was temporarily within jurisdiction of the court. It is pointed out that the corporation neither did business within the state nor had any agent or property within the state. It is there said: "It is an elementary principle of jurisprudence that a court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice within the jurisdiction upon him or upon some one authorized to accept service in his behalf." Further, it is said: "So a judgment rendered in a court of one state, against a corporation neither incorporated nor doing business within the

state, must be regarded as of no validity in the courts of another state, or of the United States, unless service of process was made in the first state upon an agent appointed to act there for the corporation."

The first question must be answered in the affirmative in so far as it relates to obtaining jurisdiction upon service of process as provided and authorized by the federal law. In other words, jurisdiction may be obtained over a foreign corporation not doing business in the state by serving the secretary of state.

We come to the second question, that is, as to whether the service as made was valid and effective, though made outside this District.

Rakauskas v. Erie R. (D.C.) 237 F. 495; Sewchulis v. Lehigh Valley Coal Co. (C.C.A.) 233 F. 422, 423; Herriage v. Texas & Pacific Ry. Co. (D.C.) 11 F.(2d) 671; J. E. Petty & Co. v. Dock Contractor Co. (C.C.A.) 283 F. 341; Boykin v. Hope Production Co. (D.C.) 58 F.(2d) 1041; Gutschalk v. Peck (D.C.) 261 F. 212; United States to Use of O'Connell v. Kearns (D.C.) 26 F.(2d) 235; Adair v. Employers' Reinsurance Corp. (D.C.) 10 F.Supp. 725; United States to Use of American Tar Products Co. v. Severin et al., 6 F.Supp. 754; United States v. Palmer (D.C.) 18 F.(2d) 997; section 503, 28 U.S.C.A. (Rev.St. § 787) (Marshal's Duties) are all authority for the proposition that the marshal is not authorized to serve process outside of his District nor to serve process directed to the marshal of another District. The "district courts of the United States cannot send their process into another district, in suits at common law or in equity, and thereby obtain jurisdiction of the person." Atkins v. Fibre Disintegrating Co., 2 Fed.Cas. 80, at page 84, No. 602; Vitkus v. Clyde S. S. Co. (D.C.) 232 F. 288, 290; Harkness v. Hyde, 98 U.S. 478, 25 L.Ed. 237.

In the instant case the suit was brought in the Western District of New York. Process was served on the secretary of state at Albany in the Northern District of New York, by the marshal of the Northern District of New York. It may be urged that the office of the secretary of state is coextensive with the confines of the state, and that, therefore, service should be deemed the same as though made in the Western District of New York. This reasoning has no significance here, since the service was not made by the marshal of

the Western District of New York. In Petty v. Dock Contractor Co., supra, the precise question of the sufficiency of the service of process on the secretary of state was involved, and no distinction seems there to be made between such an officer and any other designated agent.

The decisions of the courts of the state of New York do not seem to be entirely in harmony. Perhaps the weight of authority supports the contention of the plaintiff that service upon the foreign corporation can be made by the service on the secretary of state or certain other state officials outside of the territorial jurisdiction of the court. The most recent decision in New York state is found in the case of Teplitzky v. Lippman, 143 Misc. 244, 256 N.Y.S. 410, in which it was held that service of process was sufficient. Among other cases which are in accord with the opinion there expressed are: Bessan v. Public Service, 135 Misc. 368, 237 N.Y.S. 689; Maguire v. Reiss, 139 Misc. 886, 249 N.Y.S. 469; Stoiber v. Marinacci, 139 Misc. 838, 248 N.Y.S. 397; Strausberg v. Murphy, 139 Misc. 573, 248 N.Y.S. 777; Salzman v. Attrean, 142 Misc. 245, 254 N.Y.S. 288. These cases seem to support the contrary view: Heihs v. Reinberg, 136 Misc. 815, 243 N.Y.S. 284 (overruled by Teplitzky v. Lippman, supra) ; Osterhoudt v. Horowitz, 135 Misc. 744, 240 N.Y.S. 683; McKeever v. Supreme Court of Independent Order of Forresters, 122 App.Div. 465, 106 N.Y.S. 1041.

While the Conformity Act (28 U.S. C.A. § 724) clearly should be read to include the mode of serving process, and in accordance with it, process may be served in the manner provided by the state law, as stated in Sewchulis v. Lehigh Valley Coal Co., supra, "there is a wide difference between the method of serving a summons and the effect of such service when made." The effect relates to jurisdiction, and the federal law is controlling, irrespective of the Conformity Act. This suit is a suit in equity to which the Conformity Act has no application, but this presentation has been made on the broad theory that the state statute might be followed in default of any specific federal statute in equity cases relating to the method of service.

It is pertinent to call attention to the fact that in the preliminary draft of Rules of Civil Procedure for the District Courts of the United States, recently submitted to the Bar for its consideration by the distinguished committee by which it was drafted, recognition is given to the limitations of the statutes with respect to the service of process by the marshal of any District. Rule 4, subdivision B, reads: "Territorial limits of service—A summons may be served anywhere within the territorial limits of the state in which the federal court is held, and, when the statute so provides, may be served beyond the territorial limits of such state." The notes of the drafters of the Rules of Civil Procedure refer to this section as "extending the present practice."

The motion to dismiss must be granted upon the ground alone that service of the subpœna was not made in this District.