NORBERT RECKTENWALT, Plaintiff, *v.* L. J. DONOVAN, Defendant.

City Court of Buffalo, Erie County, October 29, 1936.

*William J. Sernoffsky,* for the plaintiff.

No appearance on behalf of the defendant.

WOLTZ, J. This is an application on behalf of the plaintiff to take a default judgment against the defendant, who was served with process, pursuant to section 52 of the Vehicle and Traffic Law. The proof presented by the plaintiff shows that the summons and complaint was served on the Secretary of State by delivering to and leaving with a clerk in the office of the Secretary of State at Buffalo, a copy of the summons and complaint in the above-entitled action and the mailing of another copy of the summons and complaint by registered mail to the defendant at Windmill Point, Ontario.

The question presented is whether or not the City Court of Buffalo has jurisdiction over the subject-matter when service has been obtained on the Secretary of State pursuant to section 52 of the Vehicle and Traffic Law, within the territorial limitations of the city of Buffalo.

Section 52 of the Vehicle and Traffic Law, which was formerly section 285-a of the Highway Law, was enacted as chapter 54 of the Laws of 1929, as amended by chapter 57 of the Laws of 1930. That section does not state specifically that service must be made personally on the Secretary of State or upon a Deputy Secretary of State in the city of Albany as does section 217 of the General Corporation Law. It is regarded as sufficient that it be delivered to a clerk in his office or by mailing. It has been held that service in an action in the Municipal Court of the City of New York is valid if made at the office of the Secretary of State in New York city. (*Berkowitz* v. *Dunphy,* 141 Misc. 561; *Salzman* v. *Attrean,* 142 id. 245.)

It has also been held that such service is invalid if made on the Secretary of State in the city of Albany, inasmuch as that city is outside of the territorial jurisdictional limits of the Municipal Court. (*Heihs* v. *Reinberg,* 136 Misc. 815.)

It is, therefore, my opinion that inasmuch as the courts of the city of New York have permitted that court to obtain jurisdiction when the service of a summons is had within the territorial jurisdictional limits, the City Court of Buffalo may also have jurisdiction as long as the process is served on the office of the Secretary of State in the city of Buffalo.

Judgment by default may be entered upon proof being presented.