Joseph A. Lichtenthal, J.
In an action brought by resident plaintiffs of the City of White Plains against an individual and corporate resident of Connecticut to recover damages arising from an automobile accident which occurred in Columbia County, New York, service of process on defendants was effected personally outside the State.
This action was commenced in January, 1965, before the effective date of the Uniform City Court Act (April 1, 1965).
Plaintiffs move to dismiss defendants’ affirmative defense, which alleges the City Court of White Plains is without jurisdiction of the subject matter of the action.
The City Court Act of the City of White Plains (L. 1944, ch. 783, as amd.) provides in section 203 that the court has jurisdiction where either the plaintiff, defendant, or a plaintiff or a defendant, resides or maintains a place of business within the city, and further provides in section 205 that the summons may be served upon the defendant within the county [Westchester] in like manner as in the Supreme Court.
Plaintiffs seek to sustain the service claiming: (1) By virtue of subdivision (c) of section 2203 of the UCCA the provisions of the City Court Act are superseded by the Uniform City Court Act in connection with the present action and it is carried over for all purposes. This contention is without merit as the particular section does not confer jurisdiction upon the court where initially the court had no jurisdiction. (2) That the jurisdictional provisions of the Uniform City Court Act (§§ 202, 212, and 403), coupled with CPLR 362 (subd. [a]) and 313, confer jurisdiction in this court even in the case where personal service is effected on defendants outside the State.
Plaintiffs’ second point is untenable when considered in the light of section 404 of the UCCA which provides: “ § 404. Summons ; personal jurisdiction by acts of non-residents, (a) Acts which are the basis of jurisdiction. The court may exercise personal jurisdiction over any non-resident of the county, or *140 his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state and a resident of the county, if, in person or through an agent, he: * * 2. commits a tortious act within the city, except as to a cause of action for defamation of character arising from the act ”. (Emphasis supplied.)
The accident having occurred in Columbia County, and not in the City of White Plains, the City Court of White Plains has no jurisdiction in this case even under the provisions of the Uniform City Court Act.
In view of the foregoing, the motion must be denied.