Michael Catalano, J.
The above-mentioned eases were jointly tried (not consolidated) pursuant to an order of this court dated May 18, 1967, before the undersigned, resulting in the following verdicts:
1. For plaintiff Adele Piotrowski (“Adele”), for $342 against defendant Daniel A. Pignato (“ Daniel ”), a New Jersey resident.
2. Against plaintiff Nancy Louise Piotrowski (“Nancy”), for “ Daniel ”, of no cause of action.
3. For plaintiff Diane Piotrowski (“ Diane ”) for $100 against ‘ ‘ Daniel ’ ’.
4. For plaintiff Felix Piotrowski (“Felix”) for $437.77 against 1 ‘ Daniel ’ ’.
5. Against plaintiff Angelo C. Barone (“ Angelo ”), for “Nancy”, “Felix”, and the defendant Town of Evans (“ Town ”), of no cause of action.
6. Against plaintiff Christie Barone (“ Christie ”), for “ Nancy ”, “ Felix ” and the Town, of no cause of action.
“ Daniel ” moves for an order disallowing costs against him; the town moves for an order amending a judgment filed April 8, 1968, to include $150 costs for the town; “ Christie ” and ‘ ‘ Angelo ’ ’ move for an order vacating the said judgment of April 8, 1968, thereby denying any costs to “Felix” and “ Nancy ”.
“ When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concern *1031 ing proceedings therein as may tend to avoid unnecessary costs or delay.” (CPLR 602, subd. [a].)
‘ ‘ In consolidated actions, however, only one judgment and a single bill of costs are entered, whereas in joint trials, separate verdicts and judgments are entered, each judgment may be appealed, and costs are taxed as in the initial causes and courts.” (Weinstein-Korn-Miller Manual, CPLR p. 6-1.)
“ If the joinder of the claims by the plaintiffs would not have prevented them from commencing the action in the lower court, aggregation should not be permitted.” (8 Weinstein-KornMiller, N. Y. Civ. Prac., par. 8102.07.)
Under subdivision 5 of section 1474 of the Civil Practice Act, where the recovery of each plaintiff was for less than $250 they were not entitled to costs, if the action could have been brought in the City Court of Buffalo instead of the Supreme Court, Erie County. (Scioldoni v. Republic Light, Heat & Power Co., 224 App. Div. 566 [4th Dept.], affd. 251 N. Y. 574. See, also Bell Plumbing Co. v. Ostroff, 17 A D 2d 906 [4th Dept.].)
The City Court of Buffalo has jurisdiction over the subject matter when service has been obtained on the Secretary of State pursuant to section 253 of the Vehicle and Traffic Law, within the territorial limitations of the County of Erie or any adjoining county (see N. Y. Const., art. VI, § 1, subd. c; UCCA, §§ 404, 406; L. 1964, ch. 497; Recktenwalt v. Donovan, 161 Misc. 109, 110). Norris v. Arone (51 Misc 2d 138) did not consider this type of service as it might apply to the City Court of White Plains, thus it is not conflicting. Thus, ‘ ‘ Daniel ’ ’ could have been served with a City Court summons although he resided in New Jersey.
Since September 1, 1963, the court may allow taxation of disbursements by a party not awarded costs in an action or on appeal; and shall allow taxation of disbursements by a party not awarded costs in an action for a sum of money only where he recovers the sum of $50 or more (CPLR 8301, subd. [c]); but a plaintiff is not entitled to costs in an action brought in the Supreme Court in a county outside the City of New York which could have been brought, except for the amount claimed, in any court of limited monetary jurisdiction in the county, unless he shall recover $500 or more (CPLR 8102, subd. 2).
These actions were tried jointly, not consolidated, therefore, separate bills of costs shall be awarded in each action which could have been brought in a court of limited monetary jurisdiction in the County of Erie, and a plaintiff is not entitled to costs unless he shall recover $500 or more. (CPLR 8102, subd. 2; 8104.) Where judgments are entered in favor of two or more *1032 parties, they shall be entitled to the same costs as a single party, unless the court directs otherwise. (CPLR 8105.)
Thus “ Daniel’s ” motion is granted; the town’s motion is granted; “ Christie’s ” and “ Angelo’s ” motion is denied. No motion costs.